556 A.2d 398

Donna K. DEITRICH, Appellee,

v.

Ned E. DEITRICH, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 6, 1988.

Filed March 23, 1989.

2

John R. Miller, Jr., State College, for appellant.

Stephen W. Furst, Bellefonte, for appellee.

Before CAVANAUGH, OLSZEWSKI and KELLY, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order granting a decree in divorce and incorporating a previously vacated award of equitable distribution of marital property. Appellant maintains that the trial court erred in: (1) failing to dismiss the

action, (2) ordering economic issues to be heard apart from divorce issues without hearing on appellee's praecipe, (3) denying appellant's motion for bifurcation and rehearing, (4) granting a decree in divorce incorporating the previously vacated equitable distribution order; (5) finding Pa.R.C.P. No. 1920.53(a)(1) inapplicable to the filing of the master's report; and (6) affirming the master's report. We affirm.

The parties were married on November 16, 1963, and separated on January 28, 1982, when appellee left the marital home. On June 9, 1982, appellee filed a complaint in divorce, alleging specific fault grounds and that the marriage is irretrievably broken. The complaint also included claims for spousal and child support, determination of custody of the parties' children, alimony, alimony pendente lite, counsel fees, costs and equitable distribution of marital property. On January 24, 1983, appellee filed a praecipe to list the matter for hearing on issues of equitable distribution, alimony, counsel fees and costs. By order dated March 31, 1983, the trial court directed the parties to appear for hearing on May 10, 1983. A master's hearing on the economic issues was held on the date designated by the trial court and continued on September 13, 1983, by stipulation of the parties' counsels. On April 3, 1985, the master filed his report and proposed order recommending that appellee be awarded fifty-five percent of the value of marital property. In addition, the master recommended that appellee have the right to enter a judgment against appellant in the amount of $173,355.41. Exceptions to the master's report were timely filed. On April 26, 1985, appellant filed an answer to the divorce complaint denying averments of fault and admitting that the marriage is irretrievably broken. In addition, appellant filed a counterclaim praying for divorce on averments of fault by appellee. By orders docketed September 19 and 26, 1985, exceptions were denied and the master's proposed order was issued. On September 25, 1985, appellee filed a 201(c) [1] affidavit of consent to divorce

1. 23 P.S. § 201(c) provides:

4

and a notice of affidavit pursuant to 23 P.S. § 201(d).[2] Thereafter, on October 16, 1985, appellant appealed to this Court. On July 9, 1986, a *per curiam* order was entered quashing the appeal as interlocutory because a divorce decree had not yet been entered. *See Dech v. Dech,* 342 Pa.Super. 17, 492 A.2d 41 (1985) (entry of divorce decree is prerequisite to an order for alimony or equitable distribution of martial property). The trial court orders were vacated, and the matter was remanded to the trial court for entry of a divorce decree. On September 30, 1986, appellant filed a motion to dismiss the action by decree of *non pros.* After hearing on the motion, the trial court ordered appellee to move for entry of final decree in divorce within twenty days of the date of the order or appellee's action in divorce would be dismissed. Appellee complied with the trial court order, and a final decree in divorce was entered on March 13, 1987. The final decree incorporated the orders, previously vacated by this Court, distributing the parties' martial assets. Prior to the entry of the final decree and after receipt of the trial court's order directing appellee to move for entry of a final decree in divorce, appellant filed a petition for bifurcation of divorce and economic issues and rehearing. On March 17, 1987, the trial court denied the petition after hearing on March 10,

(c) It shall be lawful for the court to grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and 90 days have elapsed from the date of filing of the complaint and an affidavit has been filed by each of the parties evidencing that each of the parties consents to the divorce.

**2.** 23 P.S. § 201(d) provides:
(d)(1) It shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken, and:
    (i) the respondent does not deny the allegations set forth in the affidavit; or
    (ii) the respondent denies one or more of the allegations set forth in the affidavit, but after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least three years and that the marriage is irretrievably broken.

1987. Appellant filed this timely appeal.[3]

■ Appellant first maintains that the trial court erred in denying appellant's motion to dismiss the divorce action.

In *Gallagher v. Jewish Hospital Assn.*, 425 Pa. 112, 113, 228 A.2d 732 [1967], we said: "It is well settled that the question of granting a non pros. because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the lower court and the exercise of such discretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof. *Aldridge v. Great A. & P. Tea Co.*, 394 Pa. 57, [58], 145 A.2d 695 [1958]; *Margolis v. Blecher*, 364 Pa. 234, [236], 72 A.2d 127 [1950]; *Potter T. & T. Co. v. Frank*, 298 Pa. 137, 148 A. 50 [1929]."

The circumstances under which this discretion may properly be exercised by a Court below have often been set forth. A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. *Manson v. First National Bank*, 366 Pa. 211, 215, 77 A.2d 399; *Alker v. Philadelphia National Bank*, 372 Pa. 327, 33, 93 A.2d 699; *Hruska v. Gibson*, 316 Pa. 518, 519, 175 A. 514.

*James Brothers Co. et al. v. Union Banking and Trust Company*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968). "[T]he right to a non pros. may be waived[, however,] if there is conduct indicating a willingness on defendant's part to try the case on the merits notwithstanding the delay, or if he is a party to, or causes the delay." *Pennsylvania R. Co. v. City of Pittsburgh*, 335 Pa. 449, 455, 6 A.2d 907, 912 (1939).

**3.** This appeal is properly before us in light of our decisions in *Campbell v. Campbell*, 357 Pa.Super. 483, 516 A.2d 363 (1986) (*en banc*), and *Verdile v. Verdile*, 370 Pa.Super. 475, 536 A.2d 1364 (1988).

6

In the case *sub judice*, the trial court issued the following order:

> AND NOW, this 21 day of January, 198[7], it is ordered that Defendant's Motion to Dismiss is GRANTED.
>
> Plaintiff is ORDERED to move for entry of final divorce decree under 23 Pa.C.S.A. Section 201(d) within twenty (20) days of the date of this Order.
>
> Failure to move for final decree will result in Plaintiff's divorce action being dismissed.

Although the trial court found circumstances warranting entry of a judgment of *non pros*, the court, in effect, denied appellant's motion by permitting appellee to move for entry of a divorce decree within a specified time period. While concluding that the trial court acted within its discretion in allowing entry of a divorce decree in this matter, we base our decision on grounds differing from the trial court's rationale. *See Gerace v. Holmes Protection of Philadelphia*, 357 Pa.Super. 467, 471–472, 516 A.2d 354, 357 (1986) ("As an appellate court, we may affirm the lower court by reasoning different than that used by the lower court."). Instantly, we find that appellant: (1) indicated a willingness to proceed notwithstanding any delay that may be attributable to appellee, and (2) also contributed to any delay by filing a premature appeal to this Court. Appellant indicated his willingness to proceed with the divorce action by taking steps to ensure himself a favorable equitable distribution award. Despite no resolution of the divorce claim, appellant, through counsel and himself, participated in hearings regarding equitable distribution and other economic claims. In addition, appellant filed exceptions to the master's report and also appealed from the equitable distribution order entered by the trial court prior to the entry of a divorce decree. Given appellant's course of action, it is apparent that appellant wished to proceed with the divorce action. Without a divorce decree, appellant would be unable to enforce the equitable distribution order. *See Dech, supra.* Moreover, we note that appellant has permitted appellee to incur expenses in pursuing her equitable distribution claim.

*See Pennsylvania R. Co.*, 335 Pa. at 455, 6 A.2d at 912 ("[W]aiver [of right to judgment of *non pros*] will more clearly appear where defendant permits plaintiff to incur the expenses of preparation for trial before making any complaint.").

Appellant also contributed to any delay by filing a premature appeal to this Court. Prior to filing his first notice of appeal, appellant filed an answer to appellee's complaint, admitting that the marriage is irretrievably broken. Appellee filed an affidavit of consent and Section 201(d) affidavit in September, 1985. In response, no affidavits were filed. Instead, appellant appealed to this Court preventing appellee from proceeding with the divorce until the per curiam order was docketed with the trial court on August 14, 1986. In light of this procedural irregularity created by appellant, the entry of the divorce decree was delayed by a period of approximately one year. Consequently, we conclude that appellant waived his right to a judgment of *non pros* and, accordingly, affirm the trial court's order effectively denying appellant's motion.

■ Appellant next asserts that, contrary to *Wolk v. Wolk*, 318 Pa.Super. 311, 464 A.2d 1359 (1983), the trial court permitted bifurcation *pro forma* by conducting a hearing on issues of equitable distribution prior to the entry of a divorce decree.[4] We find appellant misconstrues the concept of "bifurcation" under the Divorce Code and, consequently, find *Wolk* inapplicable. In *Wolk*, the trial court entered a divorce decree prior to adjudicating the parties' property rights. This Court held that the trial court's decision to bifurcate economic claims from divorce claims should not be made *pro forma*. Instead, the trial court must "[assemble] adequate information, thoughtfully

4. Within the same argument, appellant contends that he was prejudiced by a premature hearing on the economic claims. Appellant fails to list this issue in his Statement of Questions Involved. Consequently, this issue is waived. Pa.R.A.P. 2116. We also find that appellant did not preserve this issue for appellate review by failing to object to appellee's praecipe. In any event, we note that it is preferable practice to conduct a hearing on economic issues subsequent to or contemporaneous with the hearing on the divorce claim.

stud[y] this information, and then [explain its] decision regarding bifurcation ..." *Id.,* 318 Pa.Superior Ct. at 318, 464 A.2d at 1362. Finding that the trial court based its decision to bifurcate upon an accepted practice in Allegheny County rather than exercising its discretionary power, we remanded for a hearing. In reaching our decision, this Court first considered whether the Divorce Code permitted bifurcation, and found that the following language of the Divorce Code and the Pennsylvania Rules of Civil Procedure indicated "a legislative awareness that situations could arise in which a single order would not suffice." *Id.,* 318 Pa.Superior Ct. at 314, 464 A.2d at 1360:

> ... In the event that the court is unable for any reason to determine and dispose of the matters provided for in this subsection within 30 days after the master's report has been filed, it *may enter a decree of divorce or annulment ...*

Act of April 2, 1980, P.L. 63, No. 26, § 401, 23 P.S. § 401(b) (emphasis added).

> (c) The court need not determine all claims at one time but *may enter a decree* adjudicating a specific claim or claims.

Pa.R.C.P. No. 1920.52(c), adopted June 27, 1980, effective July 1, 1980 (emphasis added). Accordingly, the *Wolk* court found that the legislature's intent is to permit bifurcation.

It is evident from *Wolk* and the foregoing provisions that bifurcation of claims under the Divorce Code does not occur until the trial court enters a divorce decree while reserving economic claims for later determination.[5] Instantly, appellant does not argue that the trial court erred in entering an order resolving a specific claim *pro forma.* Instead, appellant maintains that the trial court erred in failing to conduct

---

**5.** Bifurcation also occurs when the trial court enters an equitable distribution order without dissolving a parties' marriage; however, the better practice is to grant a divorce decree prior to the entry of the equitable distribution order. *See Dech,* 342 Pa.Super. at 22, 492 A.2d at 43 (footnote omitted) ("[T]he entry of a divorce decree is a [Divorce] Code prerequisite to an order for alimony or equitable distribution of marital property.").

a hearing on the consequences of having a master's hearing on equitable distribution take place prior to an entry of a decree in divorce. No *Wolk* hearing is required. We, therefore, find no error.

Appellant further maintains that the trial court erred in denying his motion for bifurcation and rehearing.[6] Specifically, appellant argues that: (1) bifurcation of the economic issues from the divorce claim and (2) a rehearing on the economic issues were necessary to avoid the inequities resulting from the delay of the entry of the divorce decree, as found by the trial court. In its opinion regarding appellant's motion to dismiss, the trial court stated:

> By delaying the entry of a final decree in divorce, the Plaintiff has frustrated the Defendant from offering proof of the economic circumstances of the parties at the time the division of property would become effective. The uncontradicted testimony of the Defendant at hearing on this matter has proven that during the period of delay, the property intended to be set apart to him in the distribution has greatly lessened in value; that the real estate has depreciated; that the value of cattle has depreciated; and, that his income has been reduced at least $20,000.00 per year due to declining milk prices. He is saddled by an order for the payment of alimony pendente lite that, by reason of the Court's prior orders, will not end until the divorce is final. He cannot operate his farm business properly due to the fact that he cannot use the equity in loan transactions; and, cannot otherwise make business decisions while the equitable distribution matter is pending. The testimony of expert witnesses regarding valuation of the farm real estate, cattle and equipment is stale; and, long removed in time from the date of distribution or potential distribution.

Opinion at 4. We find the trial court was correct in denying appellant's motion. A motion for bifurcation cannot be

---

6. Appellant also contends that the trial court erred in granting a divorce decree incorporating the previously vacated equitable distribution orders. Despite appellant's different approach in framing the issues, his argument is the same and will be treated accordingly.

used as an avenue to relitigate economic issues. To prevent the inequities of which appellant complains, it was necessary to object to appellee's praecipe. Having made no timely objection, appellant has waived his right to a rehearing.

Appellant next maintains that the trial court erred in finding that Pa.R.C.P. No. 1920.53(a)(1) is inapplicable to this action. Appellant argues that, because the instant case was improperly bifurcated by the trial court, the time constraints specified in Pa.R.C.P. No. 1920.53(a)(1) for the filing of a master's report in a contested divorce action applies. Again, appellant's argument is based upon a misunderstanding of the concept of bifurcation. As discussed previously, no bifurcation occurred when the trial court ordered a master to conduct a hearing on equitable distribution. Assuming the trial court did enter a bifurcated divorce decree *pro forma* and, thereafter, a master's hearing on economic issues was held, Rule 1920.53(a)(1) would not apply to the subsequent filing of the master's report. Rule 1920.53(a)(1) reads:

(a) In an action in which the action of divorce or for annulment and any claim which may be joined under the Divorce Code are heard by a master,

(1) the master shall file the record and a transcript of the testimony together with the report and recommendation within twenty days after the hearing in uncontested actions and, in contested action, within thirty days after the receipt of the transcript by the master.

Pa.R.C.P. No. 1920.53(a)(1) (footnote omitted). We note the foregoing language neither explicitly states nor implies that a trial court's noncompliance with *Wolk* renders the time constraints of the instant rule applicable. Rule 1920.-53(a)(1) applies when the master actually hears the divorce claim "and any claim which may be joined under the Divorce Code." In the instant case, the master's hearing only pertained to the economic issues. The master did not hear the divorce claim. Consequently, Rule 1920.53(a)(1) does not apply.

Finally, appellant maintains that the trial court abused its discretion in affirming the master's report. After a careful review of the record and testimony presented, we conclude that the trial court properly exercised its discretion in affirming the master's report.[7]

Order affirmed.

7. We note that several of appellant's contentions regarding appellant's final argument were not properly preserved for appellate review in that they were either not included or were not precisely set forth in appellant's exceptions. Consequently, they are waived. Pa.R.C.P. No. 1920.55(a); *see LaBuda v. LaBuda,* 349 Pa.Super. 524, 537, 503 A.2d 971, 978 (1986) (Superior court will not address issues not covered in exceptions); *see Barner v. Barner,* 364 Pa.Super. 1, 17, 527 A.2d 122, 130 (1987) (appellant's argument is waived where appellant's exception stated mere assertion).