Gallagher, Appellant, *v.* Jewish Hospital
Association of Philadelphia.

Argued November 16, 1966.   Before Bell, C. J.,
Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

James J. McCabe, Jr., with him David C. Toomey, and Duane, Morris & Heckscher, for appellants.

Israel Packel, with him Edward Gerald Donnelly, Jr., and Fox, Rothschild, O'Brien & Frankel, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 18, 1967:

These are appeals from the judgments of the Court of Common Pleas of Philadelphia County entered in favor of the defendant, Jewish Hospital Association of Philadelphia.

On November 16, 1946, plaintiffs caused a writ of assumpsit and a writ of trespass to be served upon the Jewish Hospital Association of Philadelphia. From that date plaintiffs took no further action until August 5, 1965, when complaints were filed alleging that the Hospital was responsible for injuries sustained by the minor plaintiff when the latter was placed in the hospital nursery on November 12, 1944. On August 26, 1965, the defendant hospital filed a motion for the entry of judgments of non pros because of the failure of the plaintiffs to take any action in the prosecution of their claims for a period in excess of 18 years. The lower Court granted the motions for non pros and entered judgments in favor of the defendant in both the assumpsit action and the trespass action.

It is well settled law that the question of granting a non pros because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the lower Court and the exercise of such discretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof. Aldridge v. Great A. & P. Tea Co., 394 Pa. 57, 145 A. 2d 695; Margolis v. Blecher, 364 Pa. 234, 72 A. 2d 127; Potter T. & T. Co. v. Frank, 298 Pa. 137, 148 Atl. 50.

Plaintiffs' sole contention on these appeals is that Rule 1037(a) of the Pennsylvania Rules of Civil Procedure prescribes the exclusive procedure by which a defendant may obtain a judgment of non pros, where the original action is begun by the issuance of a writ of summons. Rule 1037(a) provides: "(a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros."

Plaintiffs' interpretation of the effect of this rule is erroneous. Beginning with the earliest history of the common law, it has always been the law that undue delay by a plaintiff after a suit has been commenced, is grounds for the Court to deny recovery by ordering a non pros of the action.* In *Waring Bros. & Co. v. Pa. R.R. Co.,* 176 Pa. 172, 35 Atl. 106, plaintiff's writ of summons was served on the defendant in 1879. The statement of claim was not filed until 1894, approximately 15 years after the writ of summons was filed. In upholding the grant of a judgment of non pros by the lower Court, this Court stated that the trial Court possesses an inherent power to grant a non pros for an unreasonable delay. This Court pertinently said (page 175): ". . . When it is considered that a delay of only six years in the bringing of such a suit gives rise to an absolute bar to its maintenance, at the mere will of a defendant, it seems useless to consider wheth-

---

* "For if the plaintiff neglects to deliver a declaration for two terms after the defendant appears, or is guilty of other delays or defaults against the rules of law in any subsequent stage of the action, he is adjudged not to follow or pursue his remedy as he ought to do, and thereupon a nonsuit or nonprosequitur is entered, and he is said to be non-prossed." 3 Blackstone's Commentaries (1768) 295-296.

er the court in the exercise of its discretionary power, may not grant a nonsuit for a mere wanton delay of more than fourteen years in the prosecution of the suit."

Again, in *Hruska v. Gibson*, 316 Pa. 518, 175 Atl. 514, this Court sustained a judgment of non pros because of an unreasonable delay of nine years in failing to prosecute the suit. The Court pertinently said (page 521) : "The statute of limitations fixes the time as two years from the happening of an accident to the bringing of suit. It imposes no hardship on those who institute suit to understand that they must bring this action within two years. It certainly does not impose a hardship on those bringing the suit to require them to bring it to trial within a reasonable time thereafter. If it is against public policy to permit trespass suits to be begun more than two years after the action arose, it is equally against public policy to permit trespass suits to be tried more than nine years after they were started, unless delay is satisfactorily explained. . . . As a matter of fairness one who brings another into court should prosecute the claim against him with reasonable diligence."

In *Potter T. & T. Co. v. Frank*, 298 Pa., supra, this Court affirmed a judgment of non pros because plaintiff had failed to file its statement of claim for nearly 17 years. The Court in its Opinion said (pages 140-141) : " 'It is no reply to say that the defendant may compel the plaintiff to declare his cause of action. It is not his duty to do so, but it is the plaintiff's duty to proceed with his cause within a reasonable time. He is the actor and must act, or fail of his action.' This has been followed in many subsequent cases, including Stewart v. Phila., 240 Pa. 569. Plaintiff is the actor and it is his duty to bring on the trial." Accord: *Wildermuth v. P. and R. Ry. Co.*, (13 years delay) 326 Pa. 536, 192 Atl. 657.

### Effect of and Practice under Rule 1037(a)

Plaintiffs contend that Rule 1037(a) mandates that in all cases where the action is not commenced by complaint, the only way for defendant to obtain a judgment of non pros is by a praecipe and a rule upon plaintiffs to file a complaint, and upon plaintiffs' failure to file a complaint within 20 days thereafter, then by praecipe to have a judgment of non pros entered. Plaintiffs' construction of the rule would exclude and destroy the power of a trial Court to enter a judgment of non pros, no matter how long plaintiffs delay the filing of a complaint or the prosecution of the action, and no matter how prejudicial such delay would be. Such a construction would be not only erroneous but unreasonable and ridiculous. In *Glass v. Farmers Nat. Bk. of Watsontown*, 364 Pa. 186, 70 A. 2d 356, this Court in exploring the purpose and meaning of Rule 1037(a), said (page 188) : ". . . Rule 1037(a) R. C. P. was not intended to, nor does it, impair or in any way impinge on the power of a court over its judgments. Such power is the same since the rule was promulgated as it was before it was adopted. What the rule was designed to do, and all that it did, was to prescribe definitively the procedure to be followed *in order to compel a plaintiff** to file a complaint or suffer judgment of non pros. for failure to do so."

Furthermore, plaintiffs completely neglect the clear language of Rule 1037(c), which provides: "In all cases, the court on motion of a party, may enter an appropriate judgment against a party upon default or admission."

1 Goodrich-Amram, Standard Pennsylvania Practice, §1037(c)(1), page 261, aptly says: "It [this rule] gives a blanket authorization to the court to enter 'appropriate' judgments against any party upon 'default'

---

* Italics throughout, ours.

or 'admission.' . . . The power under Rule 1037(c) extends through the whole gamut of legal power."

By filing a writ of summons and then allowing these actions to lie dormant for 18 years, plaintiffs cannot now be allowed to breathe life into a claim whose footprints were extinguished on the sands of time.* To hold otherwise would create injustice, and without any justification very greatly increase litigation.

Judgments affirmed.

Mr. Justice MUSMANNO dissents.

---

* Cf. Longfellow.