# James Brothers Company et al., Appellants, *v.* Union Banking and Trust Company of DuBois.

Argued October 3, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward J. Harkins,* with him *Ralph N. DeCamp,* for appellants.

*Louis Emanuel,* with him *Edward V. Cherry,* and *Gleason, Cherry & Guido,* and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, November 12, 1968:

This is an appeal by the plaintiffs from a Judgment of non pros. entered in favor of the defendant Union Banking and Trust Company, of DuBois. The question involved is whether the plaintiffs' delay in prosecuting this case was so great, and the resulting harm to the defendants so prejudicial as to warrant the entry of a judgment of non pros.

Crystal Springs Water Company, one of the plaintiffs, was the owner of 1,030 acres of wooded land; the Water Company was indebted to the defendant Union Banking and Trust Company in the amount of $40,000, secured by a mortgage on the land and timber. After the Water Company had defaulted on the debt, the bank, upon a writ of execution, purchased at the resulting sale the cut timber and all the merchantable timber standing on the land. Subsequently the Water Company and the Bank entered into an agreement for the continued cutting of the lumber by the James Brothers Lumber Company, which is an additional plaintiff in this case. Under this agreement, the Lumber Company was to continue cutting and selling the timber under the supervision of an appointee of the bank. This agreement stipulated that the bank did not relinquish its status of a creditor, that the agreement was not supported by consideration, and that its continuance depended upon the bank's continued satisfaction that it was adequately secured, and that the cutting project was being satisfactorily handled. The bank later notified the plaintiffs that it was terminating the agreement because these conditions had not been met. Two months later, on September 3, 1953, the bank sold its interest in the lumber acquired at the sheriff's sale to the additional defendants in this case, who were doing business as the H. S. Nosker Lumber Company.

On October 13, 1953, the plaintiffs Water Company and James Brothers Lumber Company filed a Bill in Equity averring that the bank had wrongfully terminated the agreement, and petitioned for specific performance and an accounting by the bank. On December 7, 1953, defendants filed preliminary objections. From December 7, 1953, until March 11, 1957, when defendants filed their answer to the complaint, it will suffice to say that many legal manoeuvres took place. A preliminary injunction was issued and dissolved, hearings were held, bonds were posted and Court Orders were issued.

From *March 11, 1957 until September 26, 1967, more than 10½ years later,* the docket reveals no further progress in the matter. Plaintiffs assert that they made some efforts to fix a date for trial, but that these were not recorded on the docket because this was an Equity case, and hearings were not customarily fixed by Rule of Court, but by private consent of the parties. Nevertheless, the last date set for trial was November 17, 1958; trial was not held on that date because it was inconvenient for plaintiffs' counsel.

It is also clear that from March 10, 1959 until June 27, 1963, a period of 4¼ years, plaintiffs did nothing to expedite matters other than inquire of their attorneys on the average of twice a year whether any date had been set for hearing or trial. From June 27, 1963 until September 26, 1967, another period of 4¼ years, neither plaintiffs nor plaintiffs' counsel did anything to bring the matter to trial. This long period of delay and inactivity was climaxed on September 26, 1967, by the filing by defendants of a petition for a Rule to Show Cause why an Order of non pros. dismissing the action should not be entered.

The Rule was granted, and after submission of briefs and oral argument, the Court of Common Pleas

made Absolute the Order of non pros. From the Judgment of non pros. plaintiffs took this appeal.

In *Gallagher v. Jewish Hospital Assn.,* 425 Pa. 112, 113, 228 A. 2d 732, we said: "It is well settled law that the question of granting a non pros. because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the lower Court and the exercise of such discretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof. Aldridge v. Great A. & P. Tea Co., 394 Pa. 57, 58, 145 A. 2d 695; Margolis v. Blecher, 364 Pa. 234, 236, 72 A. 2d 127; Potter T. & T. Co. v. Frank, 298 Pa. 137, 148 Atl. 50."

The circumstances under which this discretion may properly be exercised by a Court below have often been set forth. A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. *Manson v. First National Bank,* 366 Pa. 211, 215, 77 A. 2d 399; *Alker v. Philadelphia National Bank,* 372 Pa. 327, 333, 93 A. 2d 699; *Hruska v. Gibson,* 316 Pa. 518, 519, 175 Atl. 514.

The plaintiffs whose duty it was to proceed with their claim have not given any satisfactory explanation for the prolonged delay. *Potter T. & T. Co. v. Frank,* 298 Pa. 137, 140, 148 Atl. 50. Moreover, in the fifteen years which have passed since the plaintiffs filed their Bill in Equity, three officers of the corporate defendants, the bank's agent who supervised the timbering operation, and two officers of the corporate plaintiff have all either died or become incompetent to testify. The granting of a non pros. is founded

on the equitable principle of laches, not on the statute of limitations.

In the light of the facts, it is clear as crystal that the lower Court did not abuse its discretion. Judgment of Non Pros. affirmed, costs on plaintiffs.

Mr. Justice MUSMANNO did not participate in the decision of this case.