## Ianieri v. Continental Thoroughbred Racing Assn., Inc.

*Joanathan Herbst,* for plaintiffs.
*Nathan M. Schenker,* for defendant.

KELTON, *J.,* January 7, 1985— Defendants Continental Thoroughbred Racing Association, Inc. and Eagle Downs Racing Association, Inc. trading as Keystone Race Track (Keystone) filed an appeal to the Superior Court from our order entered November 29, 1984.

That order (1) granted a motion of Nicola Ianieri and Jane Ianieri (plaintiffs) to reinstate their complaint; (2) rescinded the prothonotary's inactive case termination order entered under Pa.R.J.A. No. 1901 and our local rule *900; and (3) denied Keystone's motion to strike plaintiffs' complaint.

Another judge of this court had entered an earlier order substantially to the same effect as our November 29, 1984 order. That earlier order was not appealed within 30 days of its issuance. Although it is not for us to decide, we have serious reservations whether the instant Superior Court appeal has been timely filed.

Our docket entries reflect that this case was originally commenced by praecipe for writ of summons

filed on March 29, 1982. Thereafter the following events transpired:

April 27, 1984: Notice of proposed termination of inactive case mailed to plaintiffs' then counsel of record.

June 26, 1984: Case marked terminated by prothonotary.

July 18, 1984: Appearance of new counsel for plaintiffs entered and complaint in trespass filed.

July 31, 1984: Motion to reinstate complaint filed.

September 13, 1984: Rule entered by Judge Biester that Keystone show cause why the complaint should not be reinstated and the prothonotary's dismissal order should not be stricken, returnable October 1, 1984.

September 20, 1984: Sheriff's service of the rule on Keystone.

October 15, 1984: Plaintiff's motion to make rule absolute filed.

October 15, 1984: Keystone's answer to petition to reinstate filed.

October 15, 1984: Order entered on docket and notice of order by Judge Biester mailed under Pa.R.C.P. 236. Said order reads as follows:

"And now, to wit, this 11th day of October 1984, upon motion of plaintiffs it is hereby ordered and directed that the rule be made absolute and that prothonotary's docket entry and order of June 26, 1984, entered in the above case as 'terminated' is hereby stricken and plaintiffs' complaint filed July 18, 1984, is herein reinstated."

Keystone did *not* appeal the foregoing order.

Thereafter, on November 5, 1984, Keystone filed a motion to strike plaintiffs' complaint on the ground that the case had been improvidently reinstated and that motion ultimately came before the undersigned under our rule *266 and resulted

in our November 27, 1984 order which was appealed from. We believe that Judge Biester's prior order reactivating the case was appealable as a matter of right under Pa.R.A.P. 311 (a) and that the 30 day time for appeal from the reinstatement of the complaint commenced running on October 15, 1984 when notice of Judge Biester's order was mailed to Keystone. Compare Scoumiou v. United States Steel Corp., 293 Pa. Super. 254, 438 A.2d 981 (1981).

On the merits of our November 29, 1984 order, we believe that under our local Rule *900, which implements Pa.R.J.A. 1901, we had discretion to reinstate the complaint. The general state rule provides that: "Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter." The note accompanying the rule states that: "The rule has no effect on the substantive law and thus a termination effected pursuant to the rule will not necessarily foreclose further proceedings in the matter . . ." The note also states that: "Where a party objects to the termination of an inactive matter, it is intended that the court exercise its judicial discretion."

Our local Rule *900 (f) allows for applications to "reactivate any matter" which has been terminated in accordance with the rule. The pleadings and motions on the file showed (1) that plaintiffs' present counsel acted promptly to reactivate the matter after its termination by the ministerial order of the prothonotary; (2) that one of plaintiffs' prior counsel had suffered severe physical problems which prevented him from practicing law; (3) that Keystone's insurance carrier was well aware of the existence of new counsel; (4) that plaintiffs' lack of progress in the instant claim may well have been caused by

other litigation and negotiations arising out of the same accident; and (5) that lack of notice of the prothonotary's dismissal order was probably due to inadvertence of each party in failing to have proper appearances entered on the court docket.

Keystone relies upon a non pros case, Gallagher v. Jewish Hospital Association of Philadelphia, 425 Pa. 112, 228 A.2d 732 (1967) to support its argument that the complaint should not have been reinstated. However, in that case, the case languished on the dockets for over 18 years. In the instant case, the docket inactivity was for only two years.

We entered our order for the foregoing reasons.

## ORDER

And now, November 29, 1984, upon consideration of plaintiffs' motion to reinstate the complaint and strike the dismissal order of the prothonotary dated June 26, 1984, defendants' answer to said motion and the memoranda of counsel, plaintiffs' motion is granted, the said complaint is reinstated and the prothonotary's dismissal order is hereby rescinded and the rule to show cause entered by this court on September 13, 1984 is hereby made absolute. Defendants' motion to strike plaintiffs' complaint is hereby denied.

Plaintiffs are hereby ordered to file a reply to paragraphs 16 through 19 of defendants' new matter filed November 7, 1984 on or before December 30, 1984 at 4:00 p.m.[1] The remaining paragraphs of said new matter need not be replied to, since they either contain factual averments which have already been disposed of by this order or plead general

---

1. See Pa. R.C.P. 1030 as amended effective July 1, 1984.

allegations or conclusions of law.[2].

Plaintiffs' preliminary objections to defendants' new matter are overruled as to paragraphs 16 through 19 and sustained as to the remainder.

————

2. We hold that Gallagher v. Jewish Hospital, 425 Pa. 112, 228 A.2d 732 (1967) is distinguishable. In Gallagher the delay was 18 years.