## Swarthmore College v. Commonwealth

W. *Mark Mullineaux,* for plaintiff.

*J. Matthew Wolfe, assistant counsel,* for the Commonwealth. ,

REED, JR., *J.,* April 22, 1985 — This case, which is more than 12 years old, came before the court on the motion of the Commonwealth to non pros plaintiff's action for the appointment for a board of view. The Commonwealth's motion was founded upon plaintiff's lack of prosecution. The case was heard on January 21, 1985, at which time we granted defendant's motion and dismissed the entire action for lack of prosecution. Plaintiffs have appealed to the Commonwealth Court, hence this opinion.

This case originated on November 8, 1972, when the Commonwealth of Pennsylvania, Department of Transportation, condemned certain property of Swarthmore College (condemnee) for use as right of way for legislative route 1010, §AZA R/W, a limited access highway, commonly referred to as the "Blue Route."

No action was taken by the condemnee, Swarthmore College, until January 18, 1979, when it petitioned for the appointment of a board of view to ascertain the just compensation to be received pursuant to the taking. Condemnee had received without prejudice $283,600 on March 7, 1973, as a partial payment.

A board of view was appointed on January 18, 1979, and no further action was taken until October 7, 1981, when the engineering member of the board of view was replaced on the court's own motion.

Again, no action was taken by Swarthmore College and this court, sua sponte, listed the board of view for a view and a hearing. At that time the Commonwealth filed its motion for non pros. After evidence was presented and the parties permitted ar-

gument, we then granted the Commonwealth's motion.

The law is well settled that the question of granting a non pros, because of the failure of a plaintiff to prosecute its action in a diligent manner, rests within the discretion of the trial court. See Gallagher v. Jewish Hospital Association, 425 Pa. 112, 228 A.2d 732 (1967).

In order to invoke this discretion, defendant must meet a threefold test as set forth in James Brothers Lumber Company v. Union Bank and Trust Company of DuBois, 432 Pa. 129, 247 A.2d, 587, 589 (1968):

"A court may properly enter a judgment of non pros when a party to the proceedings has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the above party. . ."

First there was a delay of more than six years from the filing of the declaration of taking until Swarthmore College filed its petition for a board of view. After that filing, there again was no activity on plaintiff's part until defendant's motion for non pros, which encompassed a period of nearly six additional years.

In essence, but for plaintiff's petition and appointment of a board of view on January 18, 1979, we have no other activity on plaintiff's part for more than 12 years, which delay is double the time restrictions mandated in 42 Pa. C.S. §5527 relating to eminent-domain questions.

We find it clearly against public policy to permit this action to remain untried for this length of time.

Secondly, we find no compelling reason for the delay. The college set forth that the reason for the delay was litigation in federal court over whether or

not the Blue Route would be built, and if so, in what location. The college asserted that it did not want to expend either time, monies or energies to proceed with the board of view if, in fact, the Blue Route ultimately would never be completed as planned.

We find plaintiff's reasoning to be completely unsatisfactory to justify the prolonged delay. Although the federal litigation may seem collateral to this issue, that litigation at no time acted to impede the college from proceeding in this case.

Moreover, we find no merit in the college's concern that possibly they could proceed to a conclusion and their entire action and the decision of the board be rendered moot by the Blue Route not being built. This assertion fails, as the Eminent Domain Code sets forth specifically the procedures that would be invoked if a project is abandoned and the condemnee is then offered a buy-back. See 26 P.S. §1-410.

It also should be noted that it is the concern of this court that the actions of plaintiff in delaying this litigation would add another obstacle that the Blue Route would have to hurdle prior to its completion. For it is evident that the college never intended to move this case forth until there is a final decision in the federal courts. Only after another defeat would the college move which, again, could act to delay the construction.

Finally, we believe the record amply demonstrates that plaintiff's delay has acted to prejudice the Commonwealth. During the 12-year period that this case has been ongoing, the following has occured to the Commonwealth's witnesses: A real estate appraiser has died; a utilities engineer is no longer employed by PennDOT; the district engineer has retired to Florida; the right-of-way negotiator has died; the right-of-way administrator has been

furloughed. Additionally, six different attorneys have represented the Commonwealth in this case.

The granting of a non pros being based upon the equitable principles of latches, leads clearly to the conclusion that the Commonwealth has been prejudiced by the delay and loss of witnesses.

Although plaintiff asserts that at no time did the Commonwealth establish how it was prejudiced by the loss of its witnesses, plaintiff had the opportunity at the hearing to question the Commonwealth as to the prejudice suffered, but chose not to do so. We find the Commonwealth's evidence unrefuted and credible.

The facts prove that the entering of a non pros was properly within the discretion of the court and we so acted.