524 A.2d 1002

In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation of Right of Way for Legislative Route 132, Section 14, Claim No. 230941. Earl C. & Theodore Supplee, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued December 12, 1986, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Donald T. Petrosa, Petrikin, Wellman, Damico, Carney & Brown,* for appellants.

*Kenneth E. Kendell,* Assistant Counsel, with him, *J. Matthew Wolfe,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE COLINS, March 6, 1987:

This is an appeal from an order by the Delaware County Court of Common Pleas (trial court) dismissing appellants' Petition for a Board of View for lack of prosecution. We affirm the trial court for the reasons given herein.

On September 11, 1969, the Commonwealth filed a declaration of taking with regard to a three hundred (300) foot by eight (8) foot swath of appellants' land bordering Edgemont Avenue in Delaware County. On December 23, 1969, the Commonwealth paid appellants estimated just compensation of Eleven Thousand Two Hundred Dollars ($11,200.00). On or about March 31, 1975, appellants filed a Petition for the Appointment of a Board of View. No further action was taken by

the appellants for almost ten years. Then, on February 19, 1985, the Commonwealth filed a motion to non-pros appellants' petition for lack of prosecution. The trial court scheduled a hearing on the Commonwealth's motion for March 25, 1985. This hearing was rescheduled for April 8, 1985, at which time both parties, represented by counsel, appeared before the trial court and argued their positions with regard to the non-pros. The trial court, on the same date, dismissed the action for failure to prosecute, filing its opinion on September 25, 1985. The instant appeal was then filed in a timely fashion.

On appeal to this Court, appellants argue that the trial court abused its discretion in dismissing the action. We are not so persuaded.

The Pennsylvania Supreme Court clearly delineated the scope of review regarding the granting of a non-pros in *Gallagher v. Jewish Hospital Association of Philadelphia*, 425 Pa. 112, 228 A.2d 732 (1967), when it stated:

It is well settled law that the question of granting a non pros because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the lower court and the exercise of such discretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof.

*Id.* at 113, 228 A.2d at 733.

In reviewing the record to determine whether the trial court has "abused its discretion," we are guided by our discussion of this term as set forth in *Wingert v. Workmen's Compensation Appeal Board (Getty Refining & Marketing Co.)*, 78 Pa. Commonwealth Ct. 640, 468 A.2d 526 (1983), wherein, we stated:

As abuse of discretion is not merely an error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judg-

ment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record, discretion is abused.

*Id.* at 643, 468 A.2d at 528.

In the instant matter, Judge REED, of the Delaware County Court of Common Pleas, correctly identified and applied the threefold test for dismissing an action for failure to prosecute. He correctly cited our Supreme Court's authoritative statement in *James Brothers Company v. Union Banking and Trust Company of DuBois,* 432 Pa. 129, 247 A.2d 587 (1968), that:

> A Court may properly enter a judgment of non pros. when a party to the proceeding has shown *a want of due diligence* in failing to proceed with reasonable promptitude, *and there has been no compelling reason for the delay,* and *the delay has caused some prejudice to the adverse party.*
>
> . . .

*Id.* at 132, 247 A.2d at 589 (emphasis added). *See also Moore v. George Heebner, Inc.,* 321 Pa. Superior Ct. 226, 467 A.2d 1336 (1983).

The trial court then noted that a dismissal of the action was in order because: (1) some sixteen (16) years had passed since the filing of the declaration of taking on September 11, 1969, during which time the only action taken by appellants was their Petition for a Board of View on March 31, 1975, some ten (10) years prior to the motion to non-pros; (2) appellants supplied no compelling reason for their delay; and (3) there was prejudice to the Commonwealth's case in that the real estate appraiser active in this case had died and other witnesses needed by the Commonwealth in order to present its case were unavailable.

Appellants object to the trial court's reference to a sixteen-year period of inactivity. Appellants state that

the five years which passed prior to the Petition for a Board of View were impermissibly considered by the trial court because this period of time fell within the six-year statute of limitations for filing such a petition. However, this does not negate the almost ten years of inaction which followed thereafter. This is a period of inactivity sufficient to support a non-pros. *See Kennedy v. Bulletin Company*, 237 Pa. Superior Ct. 66, 346 A.2d 343 (1975) (a delay longer than the applicable period of limitation is generally considered sufficient to warrant a judgment of non-pros).

Appellants' second argument concedes that there has been inactivity but attempts to excuse this inactivity by asserting that the delay was caused by: attempts to replace their attorney; a breakdown in communications between the attorney and the real estate expert; and uncompleted repairs which would affect the valuation of the taking, the completion of which was awaited. Additionally, appellants assert that their inaction is excused by their reliance upon a local rule governing eminent domain proceedings which placed upon the court administrator the responsibility of moving the case forward.

Addressing the second of these two excuses first, we note that the local rule referred to, Delaware County Civil Rule 622(e), states in pertinent part:

The court administrator shall arrange a time for viewing and for hearing with the viewers and parties in interest and send notice to all parties. Certified mail shall be used for notice to unrepresented litigants. Whenever possible, the court administrator will fix the time for the first hearing to immediately follow the viewing.

This provision, however, does not relieve the appellants of their duty to proceed with the case. It merely requires that the court administrator *arrange* the time for viewing and hearing.

In the instant case, although the record in this matter is somewhat sketchy, it appears that no real action was taken by appellants to list the matter for some ten years. Consequently, as part of a program to clear the docket of long dormant cases, the court administrator notified the parties in November, 1984, that the matter was to be scheduled for a view and hearing in February, 1985. It was at this time that the Commonwealth entered its motion to non-pros the case.

This fact situation, however, does not imply that the court administrator had a *duty* to move the action forward, nor does the language of local rule 622(e). Consequently, the trial court correctly noted, "[i]t is . . . incumbent upon the [p]laintiff [appellants] to move the litigation forward [,] to promote his [their] litigation, [and] not to procrastinate [,] as here. The [c]ourt [a]dministrator does not represent the [p]laintiff [appellants]." Opinion at page 4.

Furthermore, appellants have only their testimony at the hearing upon which they attempt to establish that their inaction was excused by confusion as to representation, a breakdown in communication with the real estate expert, or that it was excused by drainage work being done in the area. Appellants have supplied no other record evidence to substantiate these bare assertions. Faced with such weak excuses, supported only by self-serving statements, the trial court did not abuse its discretion in discounting the same and finding that they did not amount to a compelling reason for the delay as required by *Gallagher.*

Finally, we agree with the trial court that the Commonwealth's ability to present its case has been prejudiced by appellants' lengthy delay in moving this case forward. A lengthy delay, such as the ten-year delay being addressed in this case, is presumptively prejudicial to all parties even without a specific showing of

prejudice on the record. *Shrum v. Pennsylvania Electric Company*, 440 Pa. 383, 269 A.2d 502 (1970). In the instant case, the appraiser actively involved, and thus a key witness, has died. This, in itself, is sufficient to substantiate the trial court's conclusion that prejudice was present. Additionally, the Commonwealth's witness testified before the trial court that many other witnesses necessary to the Commonwealth's case were unavailable. For these reasons, it is evident that the Commonwealth's case was prejudiced by the appellants' delay and the trial court did not abuse its discretion in so finding.

Accordingly, we affirm the trial court's dismissal of this action due to appellants' failure to prosecute.

### ORDER

AND NOW, this 6th day of March, 1987, the order of the Court of Common Pleas of Delaware County, in the above-captioned matter, is hereby affirmed.