572 A.2d 814

**NESHAMINY CONSTRUCTORS, INC., Appellant,**

**v.**

**PLYMOUTH TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 1989.

Decided Feb. 28, 1990.

Reargument Denied May 1, 1990.

Peter L. Fiss, with him, Thomas J. Stevens, Jr., Corr, Stevens and Fenningham, Trevose, for appellant.

Emeline L.K. Diener, Herbert F. Rubenstein, Broad Axe, for appellee.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Neshaminy Constructors, Inc. (Appellant) appeals the order of the Montgomery County Court of Common Pleas which granted non pros in favor of Plymouth Township (Township), the appellee herein. Three issues are presented on appeal: (1) whether the trial court abused its discretion in granting the Township's motion for non pros; (2) whether the Township waived any claim to non pros; and (3) whether the Township was barred from filing a subsequent motion for non pros following dismissal of its initial motion. We affirm.

On February 11, 1981, Appellant instituted suit against the Township by writ of summons. Some eleven months later, a complaint was filed, wherein Appellant sought recovery of a building permit fee paid to the Township under protest, alleging, *inter alia*, that:

3. On or about September 15, 1978, Plaintiff [Appellant] was awarded a contract by East Norriton–Plymouth Joint

Sewer Authority (hereinafter Authority) for expansion of the East Norriton–Plymouth Joint Sewer Plant.

4. On or about November 15, 1978, Plaintiff began construction under said contract.

5. On or about January 8, 1979, Plaintiff received written notification from Defendant [the Township], in the form of a Cease and Desist Order, that it was in violation of Plymouth Township's Building Code Article I, Section 113.1, BOCA Code, 1975 Edition, by initiating work under said contract without first having secured a building permit from Plymouth Township. Said Cease and Desist Order directed Plaintiff to pay a fee for issuance of said building permit in the amount of .2% of the total contract price; said payment to be made within ten days of receipt of said letter.

. . . .

10. On or about February 12, 1979, under protest and with reservation of all legal rights, Plaintiff submitted an application for building permit and a check ...

. . . .

12. On March 15, 1979, Defendant issued Plaintiff a building permit for the ... fee of Twenty Thousand Six Hundred and Twenty–One ($20,621.00) Dollars.

Complaint, Paragraph Nos. 3–5, 10, 12. Appellant further alleged that there was no reasonable relationship between the building permit fee charged and the costs to the Township in performing any official service so as to justify the building permit fee. *See* Complaint, Paragraph No. 8(b).

Pleadings subsequently closed in February 1982 and, in March 1982, Appellant served interrogatories on the Township, Answers to which were received in April 1982 and thereafter evaluated. On November 7, 1983, Appellant filed an Active Status Certificate and, apparently, inspected documents in late 1984. In May and June 1985, Appellant scheduled the depositions of three Township officers, Joseph C. Millard, Robert L. Townsend (Townsend) and

Charles F. Oyler (Oyler); only one of which was taken and the others postponed indefinitely.

No further activity is evident, apart from exchanges between counsel as to the rescheduling of depositions, until September 22, 1987 when the prothonotary notified the parties that, pursuant to local rule, the case was subject to termination due to a two-year period of inactivity. In response, Appellant filed a second Active Status Certificate on October 15, 1987 and, on the same date, assigned new counsel to handle its case.

Apparently, in January 1988, counsel for both parties discussed this case by telephone and, in March 1988, Appellant scheduled the depositions of Townsend and Oyler. Immediately thereafter, on March 9, 1988, the Township moved for non pros. Pursuant to protective order, further discovery proceedings were stayed pending final disposition of the Township's motion.

By court-approved stipulation of April 5, 1988, the parties waived the provisions of the protective order and agreed to the taking of the depositions of Townsend and Oyler, which were then taken on April 29, 1988. Thereafter, on September 30, 1988, the trial court dismissed the Township's motion for non pros for failure to file a timely brief in support of its motion as required by local rule.

On October 19, 1988, the Township filed a second motion for non pros and a timely brief in support thereof. After oral argument, the trial court found that the Township had a meritorious claim for non pros. This appeal followed.[1]

1. Our scope of review here is limited to determining whether the trial court abused its discretion in dismissing Appellant's case for failure to prosecute within a reasonable time. *Gallagher v. Jewish Hospital Association of Philadelphia,* 425 Pa. 112, 228 A.2d 732 (1967). Abuse of discretion is not merely an error of judgment. *Supplee v. Department of Transportation,* 105 Pa. Commonwealth Ct. 488, 524 A.2d 1002 (1987). Rather, discretion is abused only "if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record." *Id.,* 105 Pa.Commonwealth Ct. at 490–491, 524 A.2d at 1003.

On appeal, Appellant asserts that: (1) the record fails to establish lack of due diligence in prosecuting this case; (2) the delay, if any, in prosecuting this case did not prejudice the Township; (3) the Township waived any claim to non pros; and (4) the dismissal of the Township's first motion for non pros barred its second motion. We disagree.

Entry of non pros is proper "when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses." *James Brothers Lumber Co. v. Union Banking and Trust Co. of DuBois*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968). Prejudice, however, for purposes of entering non pros, is not limited to the death or absence of material witnesses, but may also attach where, because of delay, there is loss of documentary evidence or any substantial diminution in a party's ability to properly present its case. *Carroll v. Kimmel*, 362 Pa. Superior Ct. 432, 524 A.2d 954 (1987); *American Bank and Trust Co. of Pennsylvania v. Ritter, Todd and Haayen*, 274 Pa. Superior Ct. 285, 418 A.2d 408 (1980).

I

From April 1982 until May 1985, Appellant merely evaluated interrogatory answers; filed an Active Status Certificate, which, in no way, served to move this case forward; and, although not docketed, Appellant claims that documents were inspected. Likewise, from mid–1985 until March 1988, the record indicates only that Appellant took one deposition; assigned new counsel to the case, which, again, in no way served to advance this case; and filed a second Active Status Certificate, although Appellant claims that discussions were also held between counsel concerning the rescheduling of depositions.

Such sparse activity, extending over a protracted period of time, as here, particularly in a case of this type, clearly

establishes Appellant's failure to exercise due diligence in pursuing its claim with reasonable promptitude. Nor has Appellant offered any compelling reason for the delay attributable to its failure.

■ Similarly, we are not persuaded that the trial court manifestly abused its discretion in finding prejudice. We discern no misapplication of the law by the trial court, as contended by Appellant.

In its motion for non pros, the Township alleged that Appellant's failure to prosecute this case with due diligence resulted in a substantial diminution of its ability to present factual information at trial. In support, the Township cited excerpts of testimony which it believed demonstrated that one of its key witnesses, Townsend, the former Township manager who had retired several years earlier, could no longer specifically recall the events that precipitated this litigation. The Township, again citing excerpts of testimony in support, further alleged that the memory of another key witness, Oyler, the Township's Engineer and Director of Public Works, had likewise dimmed.

After review, the trial court concluded, *inter alia*, that the Township was prejudiced by Appellant's delay because memories had faded and a witness had retired. The trial court also noted that a cause of action contesting payment of a building permit fee, as here, did not require almost a decade of discovery.

Appellant claims, however, that the Township failed to demonstrate the relevance of the testimony of Townsend and Oyler to a material fact at issue and that such failure precludes a finding of prejudice. In support, Appellant cites *Manson v. First National Bank in Indiana*, 366 Pa. 211, 77 A.2d 399 (1951) and *Penn Piping, Inc. v. Insurance Co. of North America*, 382 Pa. Superior Ct. 19, 554 A.2d 925, *petition for allowance of appeal granted*, 523 Pa. 632, 564 A.2d 1261 (1989).

In *Manson*, the Supreme Court found that the defendant's conduct and the general disruption caused by World

War II occasioned much of the nine-year delay therein. The Supreme Court further noted, in finding absence of prejudice, that none of the testimony of witnesses who had died during the course of litigation would have been relevant because they were intended for use at trial solely in regard to an issue that was not in controversy.

In *Penn Piping, Inc.*, the party seeking non pros merely pronounced, without explanation, that prejudice was "obvious"; that non-specified witnesses had dispersed; and that memories had dimmed. Since no explanation was offered concerning the specific witnesses affected, or the evidence alleged to be missing, due to the delay in prosecuting the case, the Superior Court refused to speculate as to whether the party seeking non pros suffered substantial prejudice.

Here, the record demonstrates that, from the outset, the Township intended to call three fact witnesses at trial, Townsend and Oyler being two of them. *See* Response to Interrogatory No. 1. The record further demonstrates that much of Appellant's activity during the protracted course of this litigation related to the depositions of three individuals, Townsend and Oyler again being two of them. *See* Docket Entries. Yet, Appellant now claims that neither Townsend nor Oyler were ever prepared to testify as to the issue in dispute, namely, whether the Township performed sufficient services to reasonably justify a building permit fee of $20,621.00, and that the witness with the best knowledge of the events underlying the issue in dispute, the Township's Building Inspector, is available to testify with specificity.

Regarding Appellant's initial claim, the depositions of Townsend and Oyler indicate otherwise. Both Townsend and Oyler were involved in, and, at one time, intimately familiar with, the events that precipitated this litigation. Both witnesses testified that the building permit fee imposed upon Appellant was less than that which could have been imposed under a literal interpretation of the Township's Building Code. Neither witness, however, was able to specifically recall, after almost ten years, the exact considerations taken into account in determining the

amount of, or the specific method used to calculate, the building permit fee; exactly who performed services for Appellant; or even exactly what services were so performed. *See* Townsend's April 29, 1988 Deposition, pp. 5–6, 11, 17–21, 24 and 26–29; Oyler's April 29, 1988 Deposition, pp. 17–19.

Nor are we persuaded that Appellant's latter claim clearly precludes a finding of prejudice so as to demonstrate manifest abuse of discretion by the trial court. The additional testimony of Townsend and Oyler would certainly have furthered the Township's defense by making a fact at issue more or less probable. It goes without saying that corroborating evidence can bear upon the factual determinations of credibility and weight to be accorded evidence. We therefore cannot conclude that the absence of the testimony of these two key witnesses would not result in a substantial diminution of the Township's ability to present factual information at trial.

Here, unlike *Manson*, the testimony of Townsend and Oyler would have been relevant to an issue in dispute. Again, unlike the party seeking non pros in *Penn Piping, Inc.*, the Township did not merely pronounce, without explanation, that prejudice was "obvious", thereby rendering the trial court's finding speculative and unsupported by the record. Accordingly, we find no misapplication by the trial court of the standards set forth in *Manson* and *Penn Piping, Inc.*

## II

■ Similarly, we find Appellant's next assertion unpersuasive. Although Appellant correctly notes that a party seeking non pros may waive the right thereto if his or her conduct indicates a willingness to try the case on its merits,[2] we find no such conduct here. Contrary to Appellant's assertion, the Township's acts of responding to Appellant's interrogatories in 1982 and acceding to Appellant's requests for depositions in 1985 and 1988, as it was required to do

2.  *Kennedy v. Bulletin Co.*, 237 Pa. Superior Ct. 66, 346 A.2d 343 (1975).

under the Pennsylvania Rules of Civil Procedure, cannot be interpreted as steps in preparation of trial on the merits. *Contrast Poluka v. Cole*, 222 Pa. Superior Ct. 500, 295 A.2d 132 (1972) (the defendant waived its right to non pros by filing interrogatories, placing the case for trial and contributing to the delay).

Moreover, the record indicates that the Township's first motion for non pros immediately followed Appellant's request for additional discovery in 1988 after a two-year hiatus, an act clearly antithetical to a willingness to try the case on its merits. *See* Docket Entries. The record further indicates that the Township, pursuant to a court-approved stipulation of April 5, 1988, participated in deposing Townsend and Oyler in 1988 for the sole purpose of establishing factual elements necessary to support its claim for non pros.

Even assuming that the Township's actions in 1982 and 1985 demonstrate a willingness to try this case on its merits, such willingness cannot be presumed to continue indefinitely into the future. Because no further action, apart from that in 1988, was taken by the Township in the two and one-half years prior to its first motion for non pros, the Township cannot be said to have waived its right to non pros. *See Kennedy v. Bulletin Co.*, 237 Pa. Superior Ct. 66, 346 A.2d 343 (1975).

### III

Nor do we find any merit in Appellant's final assertion that the Township was barred from again requesting entry of non pros after dismissal of its first motion for failure to file a timely brief in accordance with a local rule. Appellant claims, in support of its assertion, that the sanction applied to the Township's first motion for non pros is circumvented by permitting the Township to file a second, virtually identical motion.

Initially, we note that the Township is not avoiding the sanction of dismissal since it incurred the expense of refiling. Moreover, the local rule at issue here, Montgomery

Local Rule 302(f), does not, by its terms, preclude the Township from filing a second motion for non pros nor does it authorize a dismissal with prejudice.

■ Third, the Township's second motion differed from the first to the extent that it was supported by testimony taken subsequent to the filing of its first motion. Fourth, motions for non pros may be made at any stage of the proceedings. *See Bucci v. Detroit Fire & Marine Ins. Co.,* 109 Pa. Superior Ct. 167, 167 A. 425 (1933).

More significantly, an interlocutory order, as here[3], made in a pending action and upon a motion appealing to the trial court's discretion, does not bar a subsequent motion on the same ground. *See Taub v. Merriam,* 251 Pa. Superior Ct. 572, 380 A.2d 1245 (1977). Accordingly, we can find no abuse of discretion or error of law by the trial court in entertaining the Township's second motion for non pros after dismissal of its first motion on a procedural ground.

Finding no manifest abuse of discretion or error of law, we affirm the trial court's entry of non pros.

## ORDER

AND NOW, this 28th day of February, 1990, the order of the Court of Common Pleas of Montgomery County is affirmed.

---

**3.** The order *refusing* the Township's first motion for non pros was an interlocutory order. *Basalyga v. Hohensee,* 431 Pa. 191, 245 A.2d 255 (1968); *Cathcart v. Keene Industrial Insulation,* 324 Pa. Superior Ct. 123, 471 A.2d 493 (1984).