## Grisafi v. State Farm Fire & Casualty Co.

*Philip J. Berg,* for plaintiffs.
*Michael L. Murphy,* for defendant.

BROWN, *J.,* December 3, 1992—On July 30, 1992, we granted State Farm Fire & Casualty Co.'s motion to dismiss this action for lack of activity. Plaintiffs filed a timely appeal to Superior Court.

On January 22, 1983, the plaintiffs moved into a new home at 2905 Walton Road in Norristown, and turned on the heat. The heater, installed just three months before, malfunctioned and coated the house with soot. Suit was brought against State Farm, the insurance carrier, on January 20, 1984, claiming more than $35,000 in damage.

On October 9, 1984, both Susan and Joseph Grisafi were deposed. They stated there were no receipts or other proofs of purchase to substantiate the value of the items for which replacement was claimed. Since that date, the only activity has been the filing of certificates of active status on November 28, 1986, and February 21, 1991. All certificates were filed by plaintiff's counsel, Philip Berg, Esquire.

"It is well settled law that the question of granting a non pros because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the [trial court] and the exercise of such dis-

cretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof." *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 354, 603 A.2d 1006, 1008 (1992); *Gallagher v. Jewish Hospital Association,* 425 Pa. 112, 113, 228 A.2d 732, 733 (1967).

In *Penn Piping Inc. v. Insurance Co. of North America, Id.,* the Pennsylvania Supreme Court modified the standard for entering a judgment of non pros. The court said:

"We believe it is, and we now hold that in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket. Thus if there is a lack of due diligence in failing to proceed with reasonable promptitude; if there is no compelling reason for the delay; and if the delay is for two years or more, the case may be dismissed for lack of activity on the docket." *Id.* at 356, 603 A.2d at 1009.

The *Penn Piping* court continued in footnote 2:

"Examples of situations in which there will be a per se determination that there is a compelling reason for the delay, thus, defeating dismissal, are cases where the delaying party establishes that the delay was caused by bankruptcy, liquidation, or other operation of law, or in cases awaiting significant developments in the law. There may, of course, be other compelling reasons which will be determined on a case-by-case basis." *Id.*

The plaintiffs took no action for eight years, a delay which the Supreme Court presumes to be prejudicial for purposes of a motion to dismiss. In their 1925(b) statement of matters complained of on appeal, plaintiffs contend the delay was due to "ongoing negotiations and compilation of discoverable documents," rather than lack of

due diligence. But in 1984 they acknowledged they lacked documentary proof of their claim.

It is the plaintiffs' duty, not the defendant's, to prosecute their cause of action within a reasonable time. *Kennedy v. Bulletin Co.,* 237 Pa. Super. 66, 71, 346 A.2d 343, 346 (1975). No blanket assertion that the delay was excusable can serve to justify their inaction.

The plaintiffs also argue that this court committed an error of law "because defendant was fully aware of plaintiffs' claim and had received documentation of plaintiffs' claim as requested by defendant." This argument is also meritless.

In *Kennedy v. Bulletin Co., Id.,* the appellee answered the appellant's interrogatories in 1968 and indicated a willingness to go to trial on the merits at that time. Appellants then took no action on the case until December 1973. In affirming the lower court's grant of non pros, the Superior Court said:

"Appellee's willingness to try the case on the merits, as demonstrated by his action in 1968, does not continue indefinitely into the future....

"It is no reply to say that the defendant may compel the plaintiff to declare his cause of action. It is not his duty to do so, but it is the plaintiff's duty to proceed with his cause within a reasonable time. The duty therefore, is clearly on the appellant to proceed with his cause of action and he, not the appellee, should bear the risk of not acting within a reasonable time." *Id.,* 237 Pa. Super. at 71, 346 A.2d at 346.

State Farm's "awareness" of the Grisafi claim, or receipt of documentation in support of it, is of no consequence. The plaintiffs, not State Farm, bore the duty of proceeding and they took no action for eight years. Defendant's motion to dismiss for lack of activity was properly granted.