Robert Clarence GARVER, Jr., a minor, by Lynette GARVER and Robert Clarence Garver, his parents and natural guardians, and Lynette Garver and Robert Clarence Garver, in their own right, Appellants,

v.

BRADFORD/WHITE CORPORATION, a Delaware Corporation; Robertshaw Controls Company, a Delaware Corporation; Devore Construction, Inc., a Pennsylvania Corporation; and Titusville Housing Authority, a municipal corporation,

v.

Charles M. LYDA, individually and t/d/b/a Lyda Heating, Refrigeration & Air Conditioning.

Commonwealth Court of Pennsylvania.

Argued March 17, 1998.

Decided April 22, 1998.

---

Charles E. Evans, Pitttsburgh, for appellants.

Roger H. Taft, Erie, for appellees.

Before COLINS, President Judge, SMITH, J., and McCLOSKEY, Senior Judge.

COLINS, President Judge.

Robert Garver, Jr., by his parents and natural guardians, Lynette and Robert Garver, and Lynette and Robert Garver in their own right (collectively, Garvers) appeal from two orders of the Court of Common Pleas of Crawford County (trial court): one entering judgment of non pros against the Garvers and dismissing their product liability and negligence action, and the other denying their petition to open judgment of non pros.

The Garvers filed a product liability and negligence action on February 14, 1990 seeking damages in connection with scalding injuries to Robert Garver, Jr. According to the trial court's docket entries, the case proceeded through June 1994 with discovery and disposition of motions. The docket reflects no activity from June 1994 until September 30, 1996, when Bradford/White Corporation, Robertshaw Controls, Devore Construction, Titusville Housing Authority, and Charles Lyda, individually and trading as Lyda Refrigeration & Air Conditioning (collectively, Defendants), filed their joint motion to dismiss for failure to prosecute. The motion alleged that more than two years had elapsed since the last docket activity, that more three years had elapsed since the Garvers conducted any substantive activity to move the case forward, and that six years had elapsed since the Garvers had initiated any substantive docket activity. After an evidentiary hearing and oral argument, the trial court dismissed the action for want of due diligence in bringing the case to trial and delay that could not be explained by compelling reasons.

On appeal, the Garvers assert that the trial court erred in concluding that they failed to proceed with reasonable diligence during the period of docket inactivity; that the court erred in applying a presumption of prejudice to Defendants; that the court erred in assigning the burden of proof to the nonmoving party; and that the court's entering judgment of non pros was contrary to public policy.

■ Granting a dismissal for failure to prosecute an action within a reasonable time is within the discretion of the trial court, and that order will not be disturbed on appeal except where there is proof of abuse of discretion. *Gallagher v. Jewish Hospital Association of Philadelphia*, 425 Pa. 112, 228 A.2d 732 (1967). A court may exercise its discretion to enter a judgment of non pros where a party to the proceeding has shown a lack of due diligence in failing to proceed with reasonable promptitude, there has been no compelling reason for the delay; and the delay has caused prejudice to the adverse party. *Jacobs v. Halloran*, — Pa. —, 710 A.2d 1098 (1998) (citing *James Brothers Lumber Company v. Union Banking and Trust Company of DuBois*, 432 Pa. 129, 247 A.2d 587 (1968)).

In *Jacobs*, the Supreme Court ruled that the presumption of prejudice articulated in

*Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992), was inconsistent with the established notion that an adversary must suffer harm before a case will be dismissed for lack of prosecution and returned to the three-part test of *James Brothers.* Prejudice can be established by the death or absence of a material witness, or by any substantial diminution of a party's ability to present its case at trial. *Jacobs,* —— Pa. at ——, 710 A.2d at 1103.

 In this case, the court presumed prejudice, and the Defendants agreed that they were not alleging actual prejudice.[1] (Trial court opinion at p. 5 n. 1.) Without establishing actual prejudice, the Defendants have not met the third part of the *James Brothers* test. Accordingly, we reverse the order of the trial court and remand this matter for proceedings on the merits.

### ORDER

AND NOW, this 22nd day of April, 1998, the order of the Court of Common Pleas of Crawford County in the above-captioned matter is reversed, and the matter is remanded to the trial court for proceedings on the merits.

Jurisdiction relinquished.

1. In their brief the Garvers cite pertinent activity that took place before the Defendants filed the motion to dismiss for inactivity, including 21 depositions, responses to written discovery requests, production of medical records, production of an expert report, and inspection of the residential subject premises. (Appellants' Brief, p. 5.) In light of this level of activity in preparation for trial, we note that the Defendants do not claim actual prejudice. Any claims relating to the timeliness of the Garvers' responses to discovery requests or their reluctance to respond should be addressed to the trial court through the appropriate motions.