# Gohel v. Montgomery Hospital

C.P. of Montgomery County, no. 90-21756.

*James F. McBride* and *Thomas J. Ruggieri,* for plaintiffs.
*John R. Warner,* for defendant Montgomery Hospital.
*William H. Pugh IV,* for defendant Bender MD.
*Michael E. McGilvery,* for defendant Perera MD.

SALUS, *J.,* February 17, 1999—This appeal stems from this court's order of November 30, 1998, which affirmed its non pros order of April 21, 1996 dismissing the medical malpractice cause of action brought by Chiman and Vina Gohel, appellants. Appellants contend that this court abused its discretion in finding that the appellants' failure to diligently pursue their case caused actual prejudice to Montgomery Hospital, Joseph Bender M.D. and L. Wilma Perera M.D., defendants. Appellants argue that this court also abused its discretion in failing to consider the substantial non-docket activity which occurred during the appellants' preparation of this case, and that the appellants' entry and withdrawal of two attorneys within a 26-month time period provided a reasonable explanation for their delay. Appellants also argue that this court erred when it concluded that the relevant period of delay was 10 years, thus including in its calculations the time period from when the defendants filed their motions for non pros in March 1996 to the present. These contentions will be addressed below.

## FACTUAL AND PROCEDURAL HISTORY

On December 11, 1990, appellants instituted a medical malpractice action against the defendants by filing a writ of summons in the Montgomery County Court of Common Pleas. On January 15, 1991, appellants filed a civil complaint against the defendants, alleging negligence in the performance of brain surgery and care for Chiman Gohel during the period of December 21, 1988 to March 1990. The docket, however, showed no substantive activity for the period of May 15, 1993 to March 1, 1996, a time span of almost three years.

Consequently, each of the defendants filed a motion for entry of judgment of non pros in early March 1996. On April 21, 1996, this court granted defendants' motions. On June 17, 1996, appellants filed a petition to open judgment of non pros; this court denied this petition, however, by its order of November 16, 1996. By its memorandum opinion and order dated August 6, 1997, the Superior Court of Pennsylvania affirmed this court's order of November 16, 1996.

As a result, appellants filed a petition for allowance of appeal to the Supreme Court of Pennsylvania on September 3, 1997. On June 10, 1998, the Supreme Court of Pennsylvania granted the appellants' petition, reversed the Superior Court's order of August 6, 1997 and remanded this case to this court for further proceedings consistent with the Supreme Court's recent decisions in *Jacobs v. Halloran,* 551 Pa. 350, 710 A.2d 1098 (1998) and *Marino v. Hackman,* 551 Pa. 369, 710 A.2d 1108 (1998).

Consequently, this court conducted a hearing on August 6, 1998 to determine the propriety of its April 21, 1996 order in light of the new case law under *Jacobs* and *Marino.* By order of November 30, 1998,

this court affirmed its April 21, 1996 non pros order. As a result, the appellants filed a timely appeal of this court's November 30, 1998 order to the Superior Court of Pennsylvania on December 17, 1998.

## DISCUSSION

The trial court's decision to grant a non pros due to the plaintiff's failure to prosecute his action within a reasonable time will not be disturbed absent an abuse of discretion. *Gallagher v. Jewish Hospital Association,* 425 Pa. 112, 113, 228 A.2d 732, 733 (1967). Abuse of discretion is not merely an error in judgment. *Supplee v. PennDOT,* 105 Pa. Commw. 488, 524 A.2d 1002 (1987). Rather, discretion is abused only "if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice bias, or ill will, as shown by the evidence of record." *Id.* at 490-91, 524 A.2d at 1003. This court will now evaluate appellants' points of appeal against this limited standard of review.

On remand from the Supreme Court of Pennsylvania for further proceedings consistent with its recent decisions in *Jacobs* and *Marino,* this court reexamined two issues with more scrutiny. First, this court had to determine whether the appellants' delay in prosecuting this case caused *actual* prejudice to the defendants. Second, this court had to decide whether appellants' non-docket activity provided a compelling reason for their delay in pushing this case forward.

This court correctly affirmed its non pros order of April 21, 1996 because appellants failed to provide a compelling reason for their delay and because the defendants suffered actual prejudice as a result of appellants' lack of diligence in prosecuting this case. Appellants did not engage in substantial non-docket activity

sufficient to provide a compelling reason for their delay in moving forward with their claim. Appellants argue that "significant discovery activity" took place during the time period which constituted the delay. According to *Marino,* the *combination* of activities and circumstances may justify a delay in docket inactivity, though an activity or circumstance alone would be insufficient to salvage a case from dismissal for non pros. In *Marino,* there was significant non-docket activity: the death of the appellants' first attorney; substitution of his partner; deposition of *all* the parties; replacement of the second attorney; delay in the release of the file; various letters soliciting and communicating a settlement demand; and a telephone discussion of certifying the case ready for trial. 551 Pa. at 375, 710 A.2d at 1110.

Here, by contrast, appellants support their assertion by citing the withdrawal of their attorneys on two separate occasions and Dr. Bender's request for production of x-rays on September 9, 1994. The examples cited by appellants are not persuasive. For example, the assigning and withdrawing of new counsel in no way serves to advance the case. See *Neshaminy Constructors Inc. v. Plymouth Township,* 132 Pa. Commw. 229, 572 A.2d 814 (1990). Also, the occurrence of non-docket activity initiated by the *defendants* does not provide appellants with a compelling reason for their delay. Further, appellants also refer to activities which occurred *before* the time period of delay—this period, however, is not relevant since it is not the focus of the non pros motions. Appellants wrongly argue that this court failed to consider the instances of non-docket activity cited by appellants in their brief. This court did consider these instances; however, they simply did not measure up to the amount of non-docket activity required under

*Marino* to provide appellants with a compelling reason for their delay.[1]

This court also correctly found that defendants suffered actual prejudice as a result of appellants' delay in proceeding with this case. Under *Jacobs,* prejudice can arise when there has been "any substantial diminution of a party's ability to properly present its case at trial." 551 Pa. at 359, 710 A.2d at 1103. (citations omitted) For example, this can be established by the death or absence of a material witness. *Id.* The court in *Jacobs* recognized that defendants could also be prejudiced by the loss of memories, the disappearance of witnesses, and the loss or destruction of documents. *Id.,* 551 Pa. at 357, 710 A.2d at 1102.

Here, the appellants' 10-year delay in pushing this case forward has contravened the defendants' ability to prepare a defense since it has made it virtually impossible for the defendants to retrieve information and locate witnesses who are relevant to this case. First, the defendants' memory of events has significantly diminished in the 10 years which have transpired since the date of the alleged medical malpractice. For example, occurrences and interpersonal contacts which were not routinely and specifically recorded in hospital records have been lost since they have not been memorialized.[2] Second, the defendants are unable to refresh their recollection of the treatment administered to Mr. Gohel because key witnesses and important information is

---

1. Unlike in *Marino,* this court notes that the appellants here failed to secure the depositions of *all* the parties. Co-defendant L. Wilma Perera M.D. has not been deposed. Consequently, Dr. Perera could not testify in any meaningful way about this case since this physician's memory has dimmed over the last 10 years. Notes of Testimony, August 6, 1998, pp. 21-23, 29.

2. N.T., Dr. Bender, pp. 6-7.

not available to them 10 years later. For example, numerous hospital employees, personnel, nurses and doctors who treated or may have treated Mr. Gohel 10 years ago longer work for the hospital today.[3] One student nurse has even passed away since 1989. Further, the policies and procedures which governed the treatment of patients in 1988 and 1989 are no longer retained or used by the hospital and its employees at present.[4] The appellants' 10-year delay has precluded the defendants from reconstructing the nature of the treatment offered to Mr. Gohel, notwithstanding whether the defendants were in the best position to preserve this evidence. Consequently, the defendants have relied on more than just evidence of memory loss to demonstrate their prejudice. For these reasons, the defendants are unable to present a viable defense. See *Mullins v. Montgomery Hospital,* no. 91-11129. (Mo. Co. Ct. C.P. July 1, 1998, *aff'd* by Superior Court, February 16, 1999) (holding that loss of memory, nine-year lapse in time, and unavailability of witnesses constitutes actual prejudice).

Appellants also argue that this court abused its discretion in calculating the period of delay to include from the time following the defendants' motions for non pros to the present, roughly 10 years. This court did not abuse its discretion in making this calculation; rather, it emphasizes that the appellants' actions are the root cause of this delay. Appellants are clearly responsible for the delay caused by the docket inactivity from May 15, 1993 to March 1, 1996; the docket reflects that appellants did not engage in any substantial docket activity during this time. The appellants are also responsible for the time delay which followed the defendants' motions for non pros. Specifically, their appeal of this court's order of November 16, 1996 and the

---

3. N.T., pp. 34-36, 41-43, 51-53.
4. N.T., p. 45.

456

subsequent procedural events it set in motion, caused the defendants to remain involved in this litigation for over two more years. Thus, this court correctly attributed this period of delay—March 1996 to the present—to the appellants, not the defendants.

In addition to the foregoing, this court also correctly affirmed its non pros order of April 21, 1996 because the appellants failed to take any affirmative actions to push this case to trial at any time after the defendants filed their non pros motions. Almost 10 years have transpired since the appellants' initiation of this lawsuit in late 1990; not even the complex nature of medical malpractice cases justifies such a lapse in time. The docket has remained exactly as it was when the original motions for non pros were filed by defendants in March 1996. Not even non-docket activity was taken in the time which has transpired since the date of these motions. Without further indicia of this case proceeding slowly towards disposition, this court correctly affirmed its non pros order of April 21, 1996.

## CONCLUSION

Based on the foregoing, the Superior Court of Pennsylvania should affirm this court's order of November 30, 1998.