419 A.2d 24

Bertram E. JONES and Andrea J. Jones, Administrators of the Estate of Craig Allen Jones, Deceased; Bertram E. Jones and Andrea J. Jones, Individually, Appellants,

v.

James M. TREXLER, Commercial Leasing Inc. and Ennis Manufacturing Company, Inc., a Division of Easco Tool Corporation, Appellees.

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Jan. 25, 1980.

Reargument Denied March 31, 1980.

Lynn Erickson Stock, Reading, for appellants.

Arthur Ed Saylor, Reading, for appellees.

Before PRICE, DOWLING and GATES, JJ.*

* President Judge G. THOMAS GATES of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge JOHN C. DOWLING of

GATES, Judge:

This is an appeal from an order of the lower court summarily dismissing appellants' petition to open or to strike the judgment entered against them on October 30, 1978. For the reasons stated herein we affirm the order of the lower court.

The essential facts of this case are not in dispute and may be summarized as follows: On June 17, 1975 sixteen year old Craig Allen Jones sustained fatal injuries when he was struck by a tractor–trailer truck while riding his bicycle. Bertram E. Jones and Andrea J. Jones, as administrators of decedent's estate and individually commenced an action in trespass against James M. Trexler [1], Commercial Leasing Inc. [2], and Ennis Manufacturing Company, Inc. [3] On April 19, 1977, appellees, Trexler, Commercial and Ennis served interrogatories on appellants, the Joneses, directing that they be answered within twenty days of service. No answers were filed.

Thereupon appellees, after notifying appellants of their intention to initiate sanction procedures, filed a motion for an order of sanction pursuant to Pa.R.C.P. 4019(c)(3) on October 17, 1977 seeking dismissal of appellants' complaint and entry of judgment in favor of appellees. Contemporaneously appellees filed a petition for a rule to show cause why the motion for order of sanction should not be granted, which the court issued returnable on November 7, 1977.

No answers to the rule or interrogatories having been filed, appellees, by letter dated November 23, 1977 notified appellants of their intention to appear in court and move the rule be made absolute on November 28, 1977. Subsequently,

the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

1. James M. Trexler was driving the tractor–trailer truck.

2. Commercial Leasing Inc., owned the tractor–trailer truck.

3. Ennis Manufacturing Company, Inc., leased the tractor–trailer truck and employed James M. Trexler.

the court entered an order dismissing appellants' complaint with prejudice and entering judgment for appellees.

On December 30, 1977, appellants filed a petition to open or to strike the order dismissing their complaint. Appellees filed an answer thereto on January 13, 1978.

The case was listed for argument on September 5, 1978, and, upon the motion of appellants, the court granted a continuance until the October 2, 1978 argument court. On October 2, 1978, appellants again moved for a continuance; the motion was granted, over appellee's objection, with the proviso that the case be argued on October 30, 1978 or the petition would be dismissed.

Contrary to Berks County local rules of court[4], Sections 85, 87 and 88, appellants did not file with the court or serve on opposing counsel a copy of the argument brief prior to the October 30, 1978 argument court date, but for the first time presented a brief of argument to the court and to appellees in the courtroom on October 30, 1978, rendering it impossible for appellees to file a reply brief and to have the case argued on that day in compliance with the local rules of court and court order of October 2, 1978. On that same day, the lower court, upon appellees' motion, dismissed appellants' petition to open or to strike the judgment. This appeal followed.

Four issues are presented for our review. At the threshold of our consideration is appellants' contention that the lower court abused its discretion by dismissing appellants'

---

4. The local rules of court pertaining to arguments provide, as follows:

"Section 85. The party having the burden shall, at least ten (10) days before argument, serve a copy of brief of argument on the opposing counsel and shall file two (2) copies thereof with the Prothonotary or Clerk of Court as applicable, for distribution to the court . . .

"Section 87. The opposing party shall, at least four (4) days before argument, except in criminal cases at least three (3) days before argument, serve a copy of brief of argument on the opposing counsel and file two (2) copies thereof with the Prothonotary or Clerk of Court as applicable, for distribution to the court . . .

"Section 88. Unless otherwise ordered by the court, filing of briefs and oral arguments shall be required in all cases . . .."

petition to open and to strike judgment for failure to comply with the order of court of October 2, 1978, and having failed to comply with the local rules of court by failing to file a timely argument brief. Counsel argues that the lower court's order dismissing the petition on the basis of a technical, non–prejudicial error was a harsh and unnecessary ruling contrary to Pa.R.C.P. 126, which specifically provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Nevertheless, the Pennsylvania Rules of Civil Procedure, promulgated for the orderly administration of justice, cannot be ignored but must be followed in order to insure the smooth and efficient operation of the judicial process.

In this case, we are of the opinion that appellants' counsel has flagrantly and repeatedly violated the rules of court by constant delay and inaction.[5] As has already been mentioned, counsel failed to respond to interrogatories and a rule to show cause why an order of sanction should not be granted. Thereafter counsel failed to file her argument brief until the date of argument, contrary to the court's order and the local rules. Counsel states in her appellate brief that she was unable to timely file her argument brief because of illness. To support this position, however, counsel should have made some movement towards protecting herself on the record. Counsel could have petitioned the

5. The docket entries display a lack of diligent prosecution of appellants' case from the onset. The action was instituted by the filing of a writ of summons one day before the expiration of the statute of limitations. The writs were not served until after the statute had run. Appellees ruled the appellants to file a complaint on June 23, 1976 but none was filed until April 7, 1977, more than nine months later. We suspect that this is the type of situation that motivated our Supreme Court to adopt the "240 day rule" for civil cases. See Chief Justice Eagen's order entered November 19, 1979 to No. 161, E.D. Misc. Docket 1979.

court for an amendment of the lower court order. Instead appellants were content to sit idly by until the date of argument, in contravention of the local rules, and then attempted to proceed with the argument on its merits. This failure to comport with the local rules, coupled with appellants' failure to respond to the interrogatories and the rule to show cause amounts to a lack of prosecution. " 'The sheer number of cases and appeals make it imperative the rules be strictly enforced. Anything less would disrupt the already tenuous flow of trials and resulting appeals' ". *Straff v. Nationwide Mutual Fire Ins. Co.*, 230 Pa.Super. 403, 326 A.2d 586 (1974). Furthermore, this court is not disposed to correcting the errors of counsel when the record does not indicate any disposition on the part of counsel to take procedural avenues which were available to protect her case. Moreover, counsel, after her unexplained failure to move forward, may not now argue that the court should overlook these procedural errors in the interest of justice. The principles of fairness dictates a final resolution of this case, and hence, we find that the lower court did not abuse its discretion.

Accordingly, we need not address appellants' remaining contentions.

Affirmed.

DOWLING J., files a dissenting opinion.

DOWLING, Judge, dissenting.

This case involves the death of a 16 year old cyclist allegedly as a result of the negligent operation of a tractor trailer. To dismiss with prejudice such an action for what is basically a failure to respond to form interrogatories seems unnecessarily harsh and misdirected. It is the lawyer who should be punished for his disregard of the rules, not his innocent client. Why throw the baby out with the bathwater.