465 A.2d 1269

**Fred J. BROGLIE, Appellant,**

**v.**

**UNION TOWNSHIP, Jack Gabig, individually and in his capacity as Supervisor of Union Township, Steve Parish, Jr., individually and in his capacity as Supervisor of Union Township, and the Daily Herald.**

Superior Court of Pennsylvania.

Argued April 27, 1983.

Filed Sept. 23, 1983.

George Retos, Jr., Washington, submitted a brief on behalf of appellant.

Herman C. Kimpel, Pittsburgh, for appellees.

Before ROWLEY, POPOVICH and HOFFMAN, JJ.

ROWLEY, Judge:

This is an appeal from a judgment of *non pros* entered against appellant, Fred J. Broglie, in favor of appellees,

Union Township, Jack Gabig and Steve Parish, Jr. We affirm.

The facts are as follows. On August 12, 1980, appellant filed a complaint in trespass alleging that he had been defamed by Union Township Supervisors, Jack Gabig and Steve Parish, Jr., while he was a candidate for the office of Supervisor of Union Township.[1] In response to appellant's complaint, appellees, Union Township, Jack Gabig and Steve Parish, Jr., filed preliminary objections in the nature of a demurrer, including therein a motion for a more specific pleading. On November 12, 1980, the trial court sustained appellees' preliminary objections and entered an order granting appellant twenty days in which to file an amended complaint. Subsequently, a thirty-day extension of that twenty-day period was agreed to by counsel for the parties. On February 6, 1981, counsel for appellees wrote a letter to appellant's counsel reminding him of the trial court's order of November 12, 1980, and advising him that a judgment would be taken if the amended complaint was not filed within ten days from the date of the letter. On March 26, 1981, no amended complaint having been filed, counsel for appellees moved for a judgment of *non pros.* The specific ground alleged by appellees in support of their motion for a judgment of *non pros* was that appellant had failed to comply with the November 12, 1980, order of court as modified by the parties.

Argument on appellees' motion was scheduled for May 20, 1981. In the interim, on May 5, 1981, appellant filed his amended complaint, along with a reply to appellees' motion for a judgment of *non pros.* In his reply, appellant urged dismissal of the motion for *non pros* on the ground that the amended complaint had been filed of record. On May 20, 1981, the trial court sitting en banc, heard arguments on the motion for judgment of *non pros,* and, in an opinion and

1. In support of his contention, appellant attached to his complaint, as exhibits, copies of two newspaper articles which appeared in *The Daily Herald,* a newspaper of general circulation in Washington County. *The Daily Herald* was also a named defendant in the action.

order filed July 20, 1981, granted the same.[2] This appeal followed.

On appeal, appellant argues that the trial court's granting of the judgment was in error because two of the three requirements antecedent to such a ruling, as set forth in *James Brothers Lumber Co. v. Union Banking and Trust Co.*, 432 Pa. 129, 247 A.2d 587 (1968) and its progeny, were not met. After consideration we find appellant's argument to be without merit.

■ A judgment of *non pros* is available under Pa.R.C.P. 1037(c) upon default or admission. Those instances in which a judgment of *non pros* is entered are usually confined to the pretrial stage, and are typically addressed to the failure of the plaintiff to proceed with the case or to obey an order of court. 1 Goodrich-Amram 2d § 231 (1976 edition). For example, in a divorce action, Pa.R.C.P. 1920.-21(b) specifically allows for a judgment of *non pros* should the plaintiff fail to file a bill of particulars. Under Pa.R.C.P. 4019(c)(3), a judgment of *non pros* may be entered where a plaintiff has failed to comply with the requirements of Rule 4019(a). Likewise, it has been postulated that under Pa.R.C.P. 212 a plaintiff who fails to appear at a pretrial conference in contravention of a court order can be subject to a judgment of *non pros.* 1 Goodrich-Amram 2d § 212 (1976 edition).

In the case at hand, appellees filed their motion for a judgment of *non pros* against appellant pursuant to subsection (c) of Pa.R.C.P. 1037.[3] Subsection (c) provides:

[i]n all cases, the court, on motion of a party, may enter an appropriate judgment against a party upon default or admission.

Appellant argues that before the trial court could grant a judgment of *non pros* under subsection (c), three conditions

2. We note that the trial court was not precluded from passing on the merits of the motion for *non pros,* even though the amended complaint had been filed as of the date of the hearing.

3. Pa.R.C.P. 1037 is incorporated into trespass actions by Pa.R.C.P. 1041 where not inconsistent with Pa.R.C.P. 1047.

had to be established. Those conditions, as outlined in *James Brothers Lumber Co., supra,* are as follows:

> A Court may properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. (citations omitted) *Id.,* 432 Pa. at 132, 247 A.2d at 589.

In line with the above, appellant specifically contends (1) that no showing of prejudice was made out, and (2) that the delay involved was not such as to constitute a want of "due diligence."

If this case presented a situation where appellees had moved for a judgment of *non pros* on the theory that appellant had failed to prosecute the action with reasonable promptitude, we would concede the applicability of the criteria found in *James Brothers Lumber Co., supra.* However, as noted above, judgments of *non pros* may be granted in a variety of situations described in the Rules of Civil Procedure, and the criteria found in *James Brothers Lumber Co., supra,* is not applicable in every situation where a judgment of *non pros* is requested. Nor is it applicable in every case where a judgment of *non pros* is sought under subsection (c) of Pa.R.C.P. 1037.[4] Rather the criteria or antecedent conditions outlined in *James Brothers Lumber Co., supra,*[5] are explicitly tailored to those situations where the defendant seeks judgment of *non pros* on

---

**4.** "Rule 1037(c), though brief in text, is wide in its application. It gives a blanket authorization to the court to enter "appropriate" judgments against any party upon "default" or "admission". The power of the prothonotary under Rules 1037(a) and (b) is limited, and can only be exercised, in ministerial fashion, where no justiciable issues are presented. The power under Rule 1037(c) extends through the whole gamut of legal power." (footnotes omitted) 2 Goodrich-Amram § 1037(c): 1, p. 485 (1976 edition).

**5.** *Also see Nath v. St. Clair Memorial Hospital,* 251 Pa.Super. 361, 380 A.2d 820 (1977); *Richards v. Swift,* 241 Pa.Super. 359, 361 A.2d 688 (1976); *Holliday v. Foster,* 221 Pa.Super. 388, 292 A.2d 438 (1972).

the ground that the plaintiff has, under the circumstances, delayed too long in bringing the suit to fruition.

In the instant case, appellees did not seek a judgment of *non pros* on the ground that appellant had been dilatory in proceeding with the action but on the ground that appellant had failed to timely obey an order of court. The distinction is significant. Appellant was granted twenty days, and only twenty days, to file an amended complaint. The parties by agreement extended that time for filing by an additional thirty days. In such a case, "due diligence" becomes a more foreshortened concept than that found in *James Brothers Lumber Co., supra,* and is defined by reference to the calendar rather than by reference to the circumstances of the case. Likewise, prejudice never becomes a consideration since the trial court is empowered to enter a judgment of *non pros* without a showing of prejudice where a violation of an order of court is involved. *Jones v. Trexler,* 275 Pa.Super. 524, 419 A.2d 24 (1980). This is particularly true, where, as in this case, counsel has made no attempt to explain the failure to comply with the court's order. *Id.*

Judgment affirmed.