J-A28005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHEILA T. FARRELL AND MARTIN SHERIDAN A/K/A LEO MARTIN SHERIDAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANNA ROHMAN, VERA CC. GORDON, GWENDOLYN CRELLIN, AND ROBERT SCHMIDT | |
| APPEAL OF: SHEILA T. FARRELL | No. 934 EDA 2015 |

Appeal from the Order Entered March 2, 2015
In the Court of Common Pleas of Pike County
Civil Division at No(s): 2431 of 2010

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED NOVEMBER 04, 2015**

Appellants, Sheila T. Farrell and Martin Sheridan a/k/a/ Leo Martin Sheridan, appeal from the order entered in the Pike County Court of Common Pleas, granting the motion for *non pros* of Appellees, Anna Rohman and Robert Schmidt.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellants are the owners of real property known as Rohman's Hotel.  The septic system serving the hotel is located on a separate property owned by Appellants and is accessible only by a service road, which crosses real

_____

[1] The court entered default judgment against Vera CC. Gordon and Gwendolyn Crellin on February 8, 2011; they are not parties to this appeal.

property owned by Appellees. Appellants allege Appellees blocked Appellants' access to the septic system property by depositing a pile of dirt in the middle of the service road on or about May 4, 2009. On December 21, 2009, Appellants filed a complaint against Appellees seeking to prevent Appellees' alleged unwarranted interference with Appellants' access to their septic system property. On February 6, 2010, Appellees filed preliminary objections to Appellants' complaint. After oral argument on Appellees' preliminary objections, Appellants withdrew their complaint on March 23, 2010.

On November 5, 2010, Appellants filed a second complaint against Appellees, again seeking to prevent Appellees' alleged interference with Appellants' access to their property. Appellants filed a motion for summary judgment on August 16, 2011. After a hearing, the court denied Appellants' motion on October 5, 2011. On April 23, 2012, Appellants' counsel, Sanford D. Beecher, died. After Mr. Beecher's death, other attorneys in Mr. Beecher's law firm took over Appellants' case against Appellees. Appellees' counsel notified Appellants' new counsel, by letter dated September 24, 2013, that there had been no movement in the case, for almost two years, since the court denied Appellants' motion for summary judgment on October 5, 2011. Appellants' new counsel did not respond to Appellees' letter, and no further action was taken in Appellants' case.

On September 12, 2014, Appellees filed a motion for *non pros* against

Appellants. Appellants filed a response to Appellees' motion on September 18, 2014, which explained that the reason for the delay was the death of Mr. Beecher. Appellants' response also stated they were ready to proceed with the case in an expedited manner. On January 6, 2015, the court held a hearing on Appellees' motion for *non pros*, and the court granted Appellees' motion by order dated March 2, 2015. Appellants filed a timely notice of appeal to this Court on March 27, 2015. On March 31, 2015, the court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellants timely complied on April 17, 2015.

Appellants raise the following issues for our review:

> THE TRIAL COURT ERRED IN GRANTING A MOTION FOR *NON PROS* IN:
>
> A. FAILING TO GIVE ANY OR ADEQUATE WEIGHT TO THE IMPACT ON THE CASE OF THE DEATH OF THE ONLY ATTORNEY WHO HANDLED THE CASE FOR ALL THE YEARS THAT IT HAD BEEN PENDING, SANFORD D. BEECHER, ESQUIRE, WHO DIED ON APRIL 23, 2012.
>
> B. FAILING TO REQUIRE THAT [APPELLEES] SHOW ADEQUATE PREJUDICE FROM THE DELAY IN PROSECUTING THE SUIT.
>
> C. [] FINDING THAT THE INFORMATION SUBMITTED BY [APPELLEES] CONSTITUTED ACTUAL EVIDENCE OF PREJUDICE.

(Appellants' Brief at 7).

After a thorough review of the record, the briefs of the parties, the

applicable law, and the well-reasoned opinions of the Honorable Joseph F. Kameen, we conclude Appellants' issues on appeal merit no relief. The trial court opinions comprehensively discuss and properly dispose of the questions presented. (**See** Opinion in Support of Order Granting Appellees' Motion for *Non Pros*, filed March 2, 2015, at 2-4, and Trial Court Opinion, filed May 7, 2015, at 2-6) (finding: Appellees sent letter, dated September 24, 2013, to Appellants' counsel aimed at moving case to resolution; however, Appellants' counsel did not respond and no docket activity followed receipt of letter; Appellants took action in case only after Appellees filed motion for *non pros* on September 12, 2014; Appellants' failure to respond to Appellees' letter and lack of docket activity in case for nearly three years supports conclusion that Appellants failed to proceed promptly with case; court acknowledged that Appellants' counsel's death justified some delay in proceedings, but it did not excuse nearly three-year delay; Appellants failed to provide additional explanation for delay, so Appellants lacked compelling reason for delay in prosecuting case; this delay caused significant prejudice to Appellees because Appellee Rohman is ninety years old,[2] suffers from advancing dementia, and will likely be unable to testify in case; at oral argument, Appellee Schmidt presented uncontested testimony concerning

_____

[2] The opinion states that Appellee Rohman is ninety years old; however, at the hearing on Appellees' motion for *non pros*, Appellee Schmidt testified that Appellee Rohman is in fact ninety-four years old. (**See** N.T. Motion for *Non Pros* Hearing, 1/6/15, at 7).

Appellee Rohman's condition, which supports finding that Appellee Rohman has suffered diminution of her ability to present her case; court concluded Appellees met burden for judgment of *non pros* by showing lack of due diligence by Appellants in prosecuting their case with reasonable promptitude, lack of compelling reason for delay, and significant prejudice to Appellees resulting from delay; therefore, court properly granted Appellees' motion for *non pros*). Accordingly, we affirm on the basis of the trial court's opinions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2015



# IN THE COURT OF COMMON PLEAS OF
## PIKE COUNTY, PENNSYLVANIA
## CIVIL

SHEILA T. FARRELL, AND
MARTIN SHERIDAN, A/K/A LEO
MARTIN SHERIDAN,

     Plaintiffs,

v.

ANNA ROHMAN, VERA C. GORDON,
GWENDOLYN CRELLIN, AND
ROBERT SCHMIDT,

    Defendants.

2431-2010 CIVIL

## ORDER

AND NOW, this _2nd_ day of March, 2015, upon consideration of Defendants Anna Rohman's and Robert Schmidt's Motion to Dismiss for Failure to Prosecute Matter, Plaintiff Sheila T. Farrell's Answer thereto and following oral argument held thereon, it is hereby **ORDERED** that Defendants' Motion is hereby **GRANTED**, and Plaintiffs' Complaint filed November 5, 2010 is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

The case *sub judice* arises from a property dispute. Sheila T. Farrell and Martin Sheridan ("Plaintiffs") are the owners of real property known as Rohman's Hotel. The septic system servicing Rohman's Hotel is located on a separate property owned by Plaintiffs and is only accessible by a service road which crosses real property owned by Anna Rohman, Vera C. Gordon, Gwendolyn Crellin, and Robert Schmidt ("Defendants"). Defendant Schmidt blocked Plaintiffs' access to the septic property by depositing a pile of dirt in the middle of the service road on or about May 4, 2009. Plaintiffs filed a Complaint ("Original Complaint") on or about December 21, 2009. Defendants filed Preliminary Objections on February 16, 2010. Argument on Defendants' Preliminary Objections was

MAR 0 3 2015

scheduled for March 23, 2010. Following oral argument in March, 2010, wherein Plaintiffs made a Motion to Withdraw the Original Complaint, the Court entered an Order granting Plaintiffs' Motion to Withdraw without prejudice.

Plaintiff's filed a new Complaint ("Complaint") on November 5, 2010. Defendants filed an Answer and New Matter shortly thereafter. Plaintiffs then filed a Reply to Defendants' New Matter on December 9, 2010. On February 8, 2011, the Court granted default judgment against Defendants Gordon and Crellin. On August 16, 2011, Plaintiffs filed a Motion for Summary Judgment which, following oral argument, the Court denied on October 5, 2011. No further action was taken regarding the case until September 12, 2014, when Defendants Filed the Motion to Dismiss for Failure to Prosecute ("Defendants' Motion") at issue herein.

## DISCUSSION

The issue presented by Defendants' Motion is whether Plaintiffs' Complaint should be dismissed when there has been no action in the case since October, 2011, and communications designed to move the matter forward went unanswered by Plaintiff's counsel.

The rule governing dismissal for failure to prosecute is a three-part test found in the case of *James Bros. Lumber Co. v. Union Banking and Trust Co. of DuBois*. In that case, the Court stated:

> "A Court may properly enter a judgment of *non pros* when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party..."

*James Bros. Lumber Co. v. Union Banking & Trust Co. of DuBois*, 247 A.2d 587, 589 (Pa. 1968). Granting of *non pros* is based upon the equitable principle of laches which does not involve the passage of a specific amount of time. *Jacobs v. Halloran*, 710 A.2d 1098, 1102 (Pa. 1998), citing *Manson v. First National Bank*, 77 A.2d 399 (Pa. 1951). Laches arises

2

when a defendant's position or rights are so prejudiced by length of time and inexcusable delay that it would be an injustice to permit presently a claim against him. *Id.*, citing *Bach Estate*, 231 A.2d 125, 130 (Pa. 1967). Prejudice can be defined as "any substantial diminution of a party's ability to properly present its case at trial." *Metz Contracting, Inc. v. Riverwood Builders, Inc.*, 520 A.2d 891, 894 (Pa. Super. 1987). A Party who seeks the equitable relief provided by the entry of a judgment of *non pros* must do so with clean hands. *Jacobs*, at 1103, citing *Mudd v. Nosker Lumber, Inc.*, 662 A.2d 660 (Pa. Super. 1995).

Defendants have shown want of due diligence in proceeding with promptitude, referencing a letter sent to Plaintiffs' counsel on or about September 24, 2013. Def.s' Mot., ¶12. Plaintiffs, in their Answer filed September 18, 2014, admit to receiving the same. Pls.' Ans., ¶12. The Court notes no changes were made to the docket following receipt of the aforementioned letter. Only after Defendants filed the Motion at issue here did Plaintiffs act. The Court also notes that that nearly three (3) years have passed since Plaintiff's last action in this case. While there can be no presumption based upon the length of delay, the fact that Plaintiffs were reminded by way of the September, 2013 letter and failed to act promptly thereafter supports the conclusion that Plaintiffs failed to proceed with promptitude.

For similar reasons, Defendants have adequately shown Plaintiffs lack a compelling reasons for the delay. Plaintiffs claim that the death of Attorney Sanford D. Beecher ("Attorney Beecher"), under whose exclusive supervision this case commenced and was executed, is a reasonable explanation for the nearly three-year delay, and that dismissal of the case at this time because of same would be excessive. This Court agrees that the death of Attorney Beecher is a reasonable explanation for a delay in prosecuting the case. However, Attorney Beecher's passing fails to explain why the delay lasted nearly three (3)

3

years.

Finally, the lengthy delay in prosecution of this case has caused prejudice to Defendants in this case. At oral argument, Defendant Schmidt testified that Defendant Rohman executed a Power of Attorney in his favor, currently suffers from dementia, and would likely not be able to testify as to her role in the present case. Defendant Rohman has therefore suffered diminution of her ability to properly present her case as a result of the lengthy delay.

Defendants have met the burden for this Court to rule in favor of granting dismissal for *non pros* by showing a want of due diligence in proceeding with reasonable promptitude, the lack of a compelling reason for delay, and that the delay in this case has caused prejudice to Defendants.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss for Failure to Prosecute Matter is hereby **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

HON. JOSEPH F. KAMEEN, P.J.

cc: Hugh Rechner, Esq.
Thomas A. Farley, Esq.
John H. Klemeyer, Esq.

JC

4

## IN THE COURT OF COMMON PLEAS OF
## PIKE COUNTY, PENNSYLVANIA
## CIVIL DIVISION

SHEILA T. FARRELL, AND : 
MARTIN SHERIDAN, A/K/A LEO : 
MARTIN SHERIDAN, : 
       : 
      Appellants, : 
       : 
v. :       2431-2010 CIVIL
       : 
ANNA ROHMAN, VERA C. GORDON, : 
GWENDOLYN CRELLIN, AND : 
ROBERT SCHMIDT, : 
       : 
      Appellees. : 

## OPINION SUBMITTED PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925

AND NOW, this 7th day of May, 2015, after careful review of the record, this Court continues to stand by its decision in the above-captioned matter and respectfully requests the Superior Court uphold this Court's Order of March 2, 2015. This Court would also like to add, pursuant to Pennsylvania Rule of Appellate Procedure 1925, the following:

## I.     FACTUAL AND PROCEDURAL HISTORY

The case *sub judice* arises from a property dispute. Sheila T. Farrell and Martin Sheridan ("Plaintiffs") are the owners of real property known as Rohman's Hotel. The septic system servicing Rohman's Hotel is located on a separate property owned by Plaintiffs and is only accessible by a service road which crosses real property owned by Anna Rohman, Vera C. Gordon, Gwendolyn Crellin, and Robert Schmidt ("Defendants"). Defendant Schmidt blocked Plaintiffs' access to the septic property by depositing a pile of dirt in the middle of the

service road on or about May 4, 2009. Plaintiffs filed a Complaint on or about December 21, 2009. Defendants filed Preliminary Objections on February 16, 2010. Argument on Defendants' Preliminary Objections was scheduled for March 23, 2010. Following oral argument in March, 2010, wherein Plaintiffs made a Motion to Withdraw the Complaint, the Court entered an Order granting Plaintiffs' Motion to Withdraw without prejudice.

Plaintiffs filed a new Complaint on November 5, 2010. Defendants filed an Answer and New Matter shortly thereafter. Plaintiffs filed a Reply to Defendants' New Matter on December 9, 2010. On February 8, 2011, the Court granted default judgment against Defendants Gordon and Crellin. On August 16, 2011, Plaintifs filed a Motion for Summary Judgment which, following oral argument, this Court denied on October 5, 2011. No further action was taken regarding the case until September 12, 2014, when Defendants Filed a Motion to Dismiss for Failure to Prosecute ("Defendants' Motion"). Following oral argument on January 6, 2015, the Court granted Defendants' Motion and this appeal followed.

## II. STANDARD OF REVIEW

"The question of granting a *non pros* due to the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the trial court and will not be disturbed absent an abuse of discretion." *Jacobs v. Halloran*, 710 A.2d 1098, 1101 (Pa. 1998). "An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or where the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill will." *Pilon v. Bally Engineering Structures*, 645 .2d 282, 285 (Pa. Super. 1994).

The plaintiff has an affirmative duty to move its case forward. *Independent Technical*

*Services v. Campo's Exp., Inc.*, 812 A.2d 1238, 1240 (Pa. Super. 2002). "The trial court, as all judiciary, has a duty to encourage the timely resolution of all disputes." *Id.* Judgment *non pros* is proper when (a) a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude; (b) there has been no compelling reason for the delay; and (c) the delay has caused prejudice to the adverse party. *James Bros. Lumber Co. v. Union Banking and Trust Co. of DuBois*, 247 A.2d 587, 589 (Pa. 1968). Where a party moves for judgment *non pros* based upon failure to prosecute with reasonable promptitude, the 3-part test in *James Bros.* is implicated. *Broglie v. Union Township*, 465 A.2d 1269, 1271 (Pa. Super. 1983). "If any substantial diminution of a party's ability to properly present its case at trial results, then prejudice can be said to have attached." *Metz Contracting, Inc. v. Riverwood Builders, Inc.*, 520 A.2d 891, 894 (Pa. Super. 1987). Pike County, Pennsylvania, Local Rule 230.2 permits the termination of cases after at least two (2) years of inactivity plus sixty (60) days.

## III.     DISCUSSION

Sheila T. Farrell's ("Appellant") Statement of Matters Complained of on Appeal raises four (4) issues:

(1) Whether the Court erred in failing to give any or adequate weight to the death of Attorney Sanford D. Beecher ("Attorney Beecher") on April 23, 2012, the sole attorney attached to this case;

(2) Whether the Court erred in failing to require that Defendants show adequate prejudice from the delay in this case;

(3) Whether the Court erred in finding information submitted by Defendants

3

constituted actual evidence of prejudice; and

(4) Whether the Court erred by ruling on the Motion without receiving supporting evidence on the record and basing the decision solely on argument of counsel.

The Court will address the issues raised in three (3) parts.

A. The Court adequately weighed the death of Attorney Beecher before granting *non pros* in this case.

The first issue presented in this appeal is whether the Court considered and adequately weighed the death of Attorney Beecher when Attorney Beecher was both Plaintiff's original attorney and the sole attorney handling the case until his death in April, 2012. The Court believes the death of Attorney Beecher was adequately considered and weighed in this case.

At oral argument, Appellant offered the death of Attorney Beecher, under whose exclusive supervision the case was commenced and executed, as reasonable explanation for the delay in prosecution. In fact, this Court agreed with Appellant's averment, but only to limited extent. The Order dated March 2, 2015 indicates this Court recognized the passing of Attorney Beecher as justification for *some* delay in proceedings. However, the Court also considered a letter sent on or about September 24, 2013, from Defendants' counsel to Appellant's counsel aimed at moving the case to resolution. Receipt of the letter was admitted by Appellant's counsel at oral argument. Ultimately, this Court determined the three-year delay, especially in light of the September 24 letter, was neither a reasonable nor compelling explanation for the lengthy delay in the prosecution of this case.

Therefore, this Court adequately considered and weighed the passing of Attorney Beecher before finding no compelling reason for the delay and granting Defendants' Motion.

4

B. **The Court required and considered Defendants' showing of prejudice and did not err in finding actual evidence of prejudice in this case.**

The second issue presented in this appeal is whether the Court erred by failing to require Defendants to show adequate prejudice resulting from the delay in prosecution and finding actual evidence of prejudice when uncontested testimony indicated that Defendant Rohman's advanced age (90 years) and dementia would limit her ability to present her case. This Court believes that the testimony taken at oral argument adequately demonstrates a substantial diminution of Defendants' ability to properly present the case at trial.

At oral argument, Defendant Schmidt, nephew to Defendant Rohman, testified to Defendant Rohman's advanced age. He also indicated that Defendant Rohman executed a Power of Attorney in his favor because she suffered from dementia and would be severely limited in her ability to testify in the case. This testimony went unchallenged at oral argument.

Therefore, the Court believes a showing of prejudice was properly required and considered before ruling on Defendants' Motion.

C. **Contrary to Appellant's claim, the Court did receive testimony in support of Defendants' Motion.**

The third and final issue raised by Appellant is whether the trial court erred by making a ruling when Defendants presented no witnesses or other evidence in support of Defendants' Motion. This Court believes no error occurred because the testimony of Defendant Schmidt was presented in support of the Motion.

During oral argument held January 6, 2015, Defendants offered the testimony of Robert Schmidt, a named Defendant and nephew of Defendant Rohman. Defendant Schmidt also

5

holds Power of Attorney for Defendant Rohman, as indicated *supra*. This testimony was uncontested by counsel for Appellant and entered into the record.

Therefore, the Court avers a witness was presented in support of Defendants' Motion and the witness' testimony was considered in making the March 2, 2015 ruling.

## IV.    CONCLUSION

After thorough review of the record, no law was overridden or misapplied in this case. This Court's judgment was neither manifestly unreasonable, nor the result of partiality, prejudice, bias, or ill will. As this decision was a sound application of the law and supported by the facts, circumstances, and evidence in the case, this Court respectfully requests the Superior Court uphold its Order of March 2, 2015.

BY THE COURT:

_____
HON. JOSEPH F. KAMEEN, P.J.

cc:    John H. Klemeyer, Esq.
       Christine Rechner, Esq.
       Court Administration

JC

6