J-S67031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JACINTO JIMINEZ, JR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KIM MCKNIGHT-JIMINEZ, | |
| Appellant | No. 311 MDA 2015 |

Appeal from the Decree January 14, 2015
in the Court of Common Pleas of Berks County
Civil Division at No.: 10-7705

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:              **FILED DECEMBER 08, 2015**

Appellant, Kim McKnight-Jiminez, acting *pro se*, appeals from the divorce decree and order issued by the trial court on January 14, 2015. Appellant's appeal stems from the trial court's dismissal of the exceptions she filed to the report and recommendation of the special master in divorce.[1] (**See** Appellant's Brief, at 5).  Appellee, Jacinto Jiminez, Jr., has filed a petition to quash.  We affirm on the basis of the trial court opinion and deny the petition to quash as moot.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] On January 14, 2015, prior to issuing the divorce decree in this matter, the trial court issued an order dismissing Appellant's eleven exceptions to the report of the special master.  (**See** Order, 1/14/15).

In its March 18, 2015 opinion, the trial court fully set forth the relevant facts and procedural history of this case. (**See** Trial Court Opinion, 3/18/15, at 1-5).[2] Therefore, we have no need to restate them here.

Appellant raises the following issue for our review:

> [1.] Whether the trial [court] abused [its] discretion in depriving [Appellant] of her day in court merely because the mental and physical illnesses of [Appellant's] second attorney rendered that attorney incapable of performing her duties within the initial and extended deadlines?

(Appellant's Brief, at 4) (most capitalization omitted).

Appellant claims that the trial court abused its discretion when it dismissed her eleven exceptions to the report and recommendation of the special master in divorce because she failed to file a brief in support and entered the divorce decree and order adopting the master's findings. (**See** Appellant's Brief, at 5, 11-13). "Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication

---

[2] We note that on page three of the trial court opinion, the trial court states "Wife contended that she was unaware that the Master's hearing had been rescheduled from September 24, 2013 to May 24, 2013 and thus failed to appear at the hearing." (Trial Ct. Op., at 3). By way of further explanation, on April 24, 2013, the trial court issued an order scheduling the Divorce Master's hearing for September 24, 2013. (**See** Order, 4/24/13). On April 29, 2013, the trial court issued an amended order which rescheduled the Divorce Master's hearing for an earlier date, May 24, 2013. (**See** Order, 4/29/13). Both orders indicate that the court distributed a copy to Appellant at 268 Sycamore Road, West Reading, Pennsylvania 19608.

of the law or failure to follow proper legal procedure." ***Biese v. Biese***, 979 A.2d 892, 895 (Pa. Super. 2009) (citation and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to Appellant's issue. The trial court properly disposes of the question presented. (***See*** Trial Ct. Op., at 5-10) (finding: (1) Appellant's exceptions were not dismissed for failure to comply with a local rule, but rather, were dismissed for failure to file a supporting brief[3]; (2) the trial court gave an inordinate amount of time for Appellant to file her brief and she failed to do so; and (3) the trial court's dismissal of Appellant's exceptions was not an abuse of discretion). Accordingly, we affirm on the basis of the trial court's opinion.

Moreover, because we have affirmed the divorce decree on the merits in this matter, Appellee's petition to quash appeal is denied as moot.

Divorce decree and order affirmed. Petition to quash denied as moot.

_____

[3] Appellant failed to timely file a supporting brief within the 15 days allotted by the trial court order after the transcript of the hearing before the divorce master was lodged on the record, failed to appear for the oral argument on Appellant's exceptions, failed to file a brief in support of those exceptions by the extended deadline set by the trial court, and furthermore failed to ever file a brief in support of her exceptions, whether timely or otherwise, before the trial court dismissed the exceptions ninety-one days after Appellant's brief was initially due. (***See*** Trial Ct. Op., at 5, 8-9).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/8/2015</u>

S67031-15

| | |
|---|---|
| JACINTO JIMINEZ, JR., | : IN THE COURT OF COMMON PLEAS OF |
| Plaintiff | : BERKS COUNTY, PENNSYLVANIA |
| | : CIVIL ACTION – LAW |
| vs. | : NO. 10-7705 #1 |
| | : |
| | : DIVORCE |
| KIM MCKNIGHT JIMINEZ, | : |
| Defendant | : ASSIGNED TO: LASH, J. |

Gregory D. Henry, Esquire, attorney for Plaintiff, Jacinto Jiminez, Jr.

Kathleen D. Dautrich, Esquire, attorney for Defendant, Kim McKnight Jiminez

MEMORANDUM OPINION, SCOTT E. LASH, JUDGE          MARCH 18, 2015

Defendant, Kim McKnight Jiminez, (hereinafter "Wife"), has filed an appeal from this Court's Divorce Decree entered January 14, 2015. Wife's appeal stems from a dismissal of the exceptions she filed to the report and recommendation of the Special Master in divorce. This Court dismissed her exceptions for failure to appear in argument court or file a brief to provide a basis for the exceptions, despite this Court giving her ample opportunity to do so. We file this opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

This case has an extensive procedural background, necessary to be set forth in detail to provide an adequate overview. Plaintiff, Jacinto Jiminez, Jr., (hereinafter "Husband"), filed a divorce complaint on April 22, 2010. On February 1, 2012, Husband filed a motion for appointment of a Master and on February 2, 2012, this Court appointed Louis M. Schucker, Esquire, as Divorce Master.

54

On April 18, 2013, Wife filed a *pro se* "Motion For Ineffective Assistance of Counsel" presumably seeking the removal of her lawyer. Defense counsel filed a motion for leave to withdraw as counsel on April 23, 2013. On May 15, 2013, the Court denied Wife's petition for ineffective assistance of counsel and granted defense counsel leave to withdraw from this case.

On June 17, 2013, the Master filed a report and recommendation and a proposed decree and order. In his report, the Master noted that Wife's counsel had filed a petition to withdraw with a hearing scheduled for May 15, 2013. He further observed that defense counsel did not appear or represent Wife at the Master's hearing scheduled and held on May 24, 2013, despite the fact that notice of this hearing was sent to defense counsel and to Wife. Wife failed to appear at the hearing or otherwise participate in the proceedings, although Husband's counsel did appear and provided testimony and exhibits. The Master certified that on June 17, 2013, he mailed a copy of his report to Husband's counsel and to Wife.

On July 23, 2013, the Court signed the proposed divorce decree.

On August 14, 2013, Wife's present counsel entered her appearance and filed a "Petition To Vacate The Divorce Decree And Order Dated July 23, 2013 And To Remand Claims To Master For Full Hearing." In the petition, Wife alleged that she received a copy of an order dated April 24, 2013 scheduling the Master's hearing in her case for September 24, 2013. The Prothonotary sent this order to the address listed for Wife in the divorce complaint. However,

the distribution list on the scheduling order directed that Wife be served at 268 Sycamore Road, West Reading, PA 19608, a non-existent address. Subsequently, there was an amended order of April 29, 2013 (Wife erroneously alleged that the order was dated April 25, 2013) scheduling a settlement conference and hearing for May 24, 2013, which was also sent to the non-existent address and which Wife alleged she never received. Wife contended that she was unaware that the Master's hearing had been rescheduled from September 24, 2013 to May 24, 2013 and thus failed to appear at the hearing. Likewise, Wife never received a copy of the Master's report and recommendation. Wife alleged that because the Master stated in his report that he believed Wife to be residing at the non-existent address, this was the address where the Master attempted to serve Wife with his Report and the notice regarding her right to file exceptions. Wife did receive a copy of the signed divorce decree and order on July 29, 2013. She then retained new counsel who filed the petition to vacate and remand.

On August 19, 2013, the Court vacated the divorce decree of July 23, 2013, and remanded the matter to the Master for a further hearing on the claims of divorce and distribution of property. Counsel and the Master met in an attempt to resolve the matter but because no agreement could be reached, the Master held a hearing on April 11, 2014, at which time both parties and their counsel appeared and testified.

On June 12, 2014, the Master filed his report and proposed divorce decree. On July 2, 2014, Wife filed her exceptions to the report, and on July 17, 2014, Husband filed his exceptions to the

report.

By way of order dated July 21, 2014, this Court ordered: 1) either party to have the Master's hearing transcribed within ten (10) days of the date of the order; 2) the moving party to file and serve on the opposing party within fifteen (15) days after the transcript was lodged a memorandum of fact and law in support of their exceptions; 3) upon receipt of the memorandum, a responsive memorandum could be filed within fifteen (15) days thereafter; and 4) after the time had passed for the filing and service of memoranda, the parties should notify the Court to have the matter scheduled for argument.

The transcript was lodged of record on September 30, 2014. On October 3, 2014, Husband filed a memorandum in support of his exceptions. On October 16, 2014, Husband filed a Motion to Dismiss Wife's exceptions to the Report of the Special Master on the grounds that Wife failed to file a memorandum in support of her exceptions within fifteen (15) days after the transcript had been lodged as required by this Court's order of July 21, 2014. On October 21, 2014, Husband filed a Motion for Oral Argument upon Wife's exceptions to the report of the Special Master. On October 23, 2014, the Court granted Husband's motion for oral argument and scheduled argument for November 19, 2014.

Wife failed to appear for argument. Thereafter, her counsel sent by facsimile a letter dated November 21, 2014, apologizing for not attending the argument and explaining that she had been ill and requested that the matter be rescheduled "so that my client may be represented properly." She also stated: "I would like to file a

4

brief." A true and correct copy of this letter is marked Exhibit "A", attached to this opinion and incorporated herein by reference thereto and made a part of the record in this case.

By way of letter dated November 24, 2014, this Court informed defense counsel that because she was not present at the scheduled time for argument, the Court took the matter under advisement and would decide the case on briefs and the record. The letter further stated: "I will allow you to file a brief but it will have to be in by December 5, 2014, if you want it to be considered." A true and correct copy of this letter is marked Exhibit "B", attached to this opinion and incorporated herein by reference thereto and made a part of the record in this case.

Defense counsel never filed a brief. We note Wife also failed to file a brief in opposition to Husband's exceptions. Thereafter, on January 14, 2015, we dismissed Husband's exceptions and those of Wife and entered the decree in divorce. Wife filed neither a petition for reconsideration nor a petition to vacate the decree. Instead, Wife's notice of appeal was timely filed thereafter.

The Court granted Husband's Motion to Dismiss and dismissed Wife's exceptions to the report of the Special Master because Wife failed to file a brief in support of her exceptions, in violation of the Court's order of July 21, 2014 and Wife's failure to file a brief within the additional extension of time granted to Wife, at her request, as set forth in our letter of December 5, 2014.

Initially, this Court notes that Wife's exceptions were not dismissed because she violated any local rule of court. This case is thus distinguishable from Everhardt v. Akerley, 665 A.2d 1283

5

(Pa.Super. 1995). In Everhardt, the defendant filed exceptions to the recommendation of a Domestic Relations Hearing Officer increasing Appellant's support obligation. Pursuant to Lebanon County Local Rule 7, the Court established a briefing schedule. The Appellant failed to file a brief within the time period set forth by the local rule. The Court dismissed Appellant's exceptions because of his failure to timely file his brief within the deadline set forth in Local Rule 7. On appeal, the Superior Court reversed, holding that the Court's dismissal of the Appellant's brief as being in violation of the local rule violated Pennsylvania Rule of Civil Procedure 239(f) which precludes the trial court from dismissing a proceeding based on a party's failure to comply with a local rule.

There is no Berks County Rule of Court which mandates the automatic dismissal of a party's exceptions upon failure to file a brief. Likewise, there is no court policy that requires this result. Instead, we dismissed the exceptions because Wife failed to comply with our Order of July 21, 2014 and our subsequent extension of the time within which Wife could file a brief.

This case is substantially similar to Delcamp v. Delcamp, 881 A.2d 853 (Pa.Super. 2005). In Delcamp, the wife filed exceptions to a special master in divorce's report. Thereafter, the husband filed a petition seeking to dismiss the wife's exceptions for failure to comply with the Berks County Rule of Civil Procedure 1920.55 which requires the excepting party to arrange for the transcribing of the testimony of the master's hearing for filing with the court within ten (10) days of filing the exceptions.

6

Following a hearing, the court granted husband's petition and dismissed wife's exceptions. Wife appealed. The Superior Court noted that the Berks County Rule of Civil Procedure 1920.55 did not require the automatic dismissal of an action for failure to comply with its terms. The Rule requires that a party file a motion for dismissal before such an action can occur. Husband filed such a motion, which was granted by the court. There was not an automatic dismissal based upon a party's failure to comply with a local rule.[1]

This Court's decision is further supported by the Superior Court's holding in Jackson v. Kassab, 812 A.2d 1233 (Pa.Super. 2002). In that case after a bench trial, the Appellee was awarded $141,212.38, with interest, and the Appellants filed timely post-trial motions. The trial court sent a letter to the parties informing them of the deadlines within which to file briefs. However, the appellants failed to file a brief and the trial court denied the post-trial motions.

On appeal, the Appellants argued that the trial court's dismissal for failure to file a brief was prohibited by Pa.R.C.P. 239(f) which specifically prohibits the dismissal of a civil action for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901. The court held that the key distinction was that the post-trial motions were not dismissed for failure to comply with a local rule but rather for failure to file a supporting brief. Because there was not an automatic dismissal pursuant to a local rule, the court then

---

[1] For a similar case see Ferrante v. Ferrante, 791 A.2d 399 (Pa.Super. 2002).

focused on whether or not the trial court abused its discretion. The court held that the Appellants' failure to brief and argue their post-trial motions resulted in the trial court being deprived of its opportunity to address the merits of their post-trial contentions. Id. at 1235.

In her concurring opinion, Judge Lally-Green stated:

> [W]hen the trial court requests briefs respecting issues raised in a motion for post-trial relief, the parties are to comply with that request or risk having all unbriefed issues waived. As both the majority and the dissent so clearly stated, the trial court has the inherent authority to order the filing of supporting briefs. If the parties fail to comply with the order, the result may be waiver of the unbriefed issues.

Id. at 1235-36.

Judge Lally-Green also noted that whether the court issues an order of court or makes a request by letter, the parties are to comply with the court's request. "Where the court requests by letter that a party file a brief, whether or not the letter request is part of the certified record, and the party fails to do so, the trial court may consider waived the issues raised in the motion for which the brief was requested." Id. at 1236.[2]

Exceptions to the Master's report are analogous to post-trial motions. Here, we issued an order that required the filing of a brief in support of Wife's exceptions and later sent a letter to defense counsel that granted an extension of time within which to file the brief. It is important to note that we granted this

---

[2]    See also Jones v. Trexler, 419 A.2d 24 (Pa.Super. 1980) (counsel for plaintiffs failed to file for argument a brief on their petition to open or to strike the judgment until the date of argument, contrary to the court's order and the local rules of court, there was a lack of prosecution, and the lower court did not abuse its discretion by dismissing plaintiffs' petition to open and to strike judgment.)

8

extension at the specific request of defense counsel. Nevertheless, Wife still failed to file a brief. Further, the decision to dismiss was entered approximately nine-one (91) days after Wife's brief was due, the Court providing her ample time to respond.

The Court's efforts to fully adjudicate a matter in a fair and complete way is dependent upon written argument. Facts may speak for themselves but arguments don't. They must be crafted to thoroughly examine every issue raised in the case, complete with appropriate references to the record, and citation to relevant legal authority.

Lacking Wife's brief, this Court was left with creating arguments on her behalf. Simply put, this is not the job of the court. As stated by the Superior Court: "We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." Commonwealth v. Sanford, 445 A.2d 149 (Pa.Super. 1982). Moreover, to proceed with the adjudication of Wife's exceptions without her brief would not only be unfair to Husband, who was denied an opportunity to present a counter-argument, but also sets a precedent that briefs need not be filed with the court despite an order to the contrary.

"A court has an inherent power to enforce its own orders, and an appellate court will not interfere with the enforcement absent an abuse of discretion." Commonwealth v. Shaffer, 712 A.2d 749 (Pa. 1998). This Court gave Wife an inordinate amount of time to file

9

her brief. She failed to do so; her arguments are waived. Our action was not an abuse of discretion. Rather, Wife's inaction was a disregard for the time parameters set by the court. For these reasons, Wife's exceptions were dismissed.

Respectfully submitted,

Scott E. Lash, J.

# Exhibit "A"

**KATHLEEN D. DAUTRICH, ESQUIRE**
530 Court Street, 2nd Floor
Reading, PA. 19601
(610) 375-6767
fax (610) 375-6762

Hon. Scott Lash                                        November 21, 2014

    Re: Jimenez v. Jimenez, divorc

VIA FACSIMILE 610-478-6832

    I apologize for not being present at argument court for the above-captioned case.

I have been extremely ill for over a month with extreme pain and nausea. I have been

absent from work for days at a time. It is confusing for me to keep track of everything.

    I would respectfully request that this matter be rescheduled so that my client may

be represented properly. I am having some out-of-office time the first week in

December, and I would like to file a brief.

    Thank you for your kind attention in this matter. If you have any questions, please

do not hesitate to give me a call.

Sincerely,

Kathleen D. Dautrich, Esquire
Cc: Greg Henry, Esq
        610- 5-4033

# Exhibit "B"



THE COURT OF COMMON PLEAS
JUDGES' CHAMBERS
633 COURT STREET
READING, PENNSYLVANIA 19601-4319

(610) 478- 6208 EXT. 3726
FAX: (610) 478-6832

SCOTT E. LASH
JUDGE

November 24, 2014

SENT VIA FACSIMILE
& U.S. FIRST CLASS MAIL

Kathleen D. Dautrich, Esquire
530 Court Street
Reading, PA 19601

Re:    Jimenez v. Jimenez divorce

Dear Kathleen:

As you were not present at the scheduled time for argument, I took the matter under advisement and will decide the matter on briefs and the record. I will allow you to file a brief but it will have to be in by December 5, 2014, if you want it to be considered.

Very truly yours,

Scott E. Lash

SEL:nfp

cc:  Gregory Henry, Esquire

To the Prothonotary:

    Please file the original Memorandum Opinion and distribute certified copies as follows regarding No. 10-7705 #1:

Gregory D. Henry, Esquire

Kathleen D. Dautrich, Esquire

Computer

                         Judge Scott E. Lash