J-A03005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NAISHA FRANCISCO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY LUDWIG AND MILROY | : | No. 689 MDA 2019 |
| ENTERPRISES, INC. | : | |

Appeal from the Order Entered April 16, 2019
In the Court of Common Pleas of Berks County Civil Division at No(s):
17-00584

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 25, 2020**

Naisha Francisco appeals from the order, entered in the Court of Common Pleas of Berks County, granting summary judgment in favor of Appellees, Timothy Ludwig and Milroy Enterprises, Inc. (Milroy).  After careful review, we affirm.

Francisco was involved in a nine-vehicle collision in March 2016; her car was rear-ended by a vehicle driven by Ludwig and owned by Milroy.[1]   On January 16, 2017, Francisco filed a personal injury complaint, alleging negligence, negligent entrustment, and respondeat superior, against Appellees.  In her complaint, Francisco alleged that she suffered "serious and

---

[1] Francisco's complaint alleges that Ludwig was "operating . . . Milroy Enterprises, Inc.'s motor vehicle as defendant's agent, servant and/or employee acting in the scope of their agency."  Francisco Complaint, 1/16/17, at ¶ 7.

permanent personal injuries and damages." Francisco Complaint, 1/16/17, at ¶ 8. On April 30, 2017, Appellees filed an answer and new matter, raising factual allegations and the affirmative defenses of the statute of limitations and contributory negligence. On March 26, 2018, Appellees served their supplemental interrogatories and supplemental requests for production of documents and request for admissions on Francisco. On May 10, 2018, Appellees filed a summary judgment motion claiming that Francisco had failed to timely respond to their new matter and requests for admissions, thus, all averments and requests were deemed admitted. *See* Pa.R.C.P. 1029(b); Pa.R.C.P. 4014(b). Francisco filed a reply to new matter on May 14, 2018, and a response to Appellees' request for admissions on May 15, 2018. On June 5, 2018, Francisco filed a response in opposition to Appellees' summary judgment motion. Francisco filed a memorandum of law on the motion on March 21, 2019, and oral argument was held on April 15, 2019. Following argument, the trial court entered an order granting summary judgment in Appellees' favor.

Francisco filed a timely appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In her brief, Francisco raises the following issues for our review:

(1)    Whether the trial court abused its discretion and otherwise committed an error of law when it improperly granted Defendants' [m]otions for [s]ummary [j]udgment and discontinued Plaintiff's case?

(2)    Whether the trial court abused its discretion and otherwise committed an error of law when it granted Defendants'

[m]otions for [s]ummary [j]udgment on the grounds that Plaintiff's reply to Defendants' [n]ew [m]atter was untimely?

(3) Whether the trial court abused its discretion and otherwise committed an error of law when it granted Defendants' [m]otions for [s]ummary [j]udgment on the grounds that Plaintiff's reply to Defendants' [n]ew [m]atter was untimely, where Pennsylvania Rule of Civil Procedure 126 mandates that the rules shall be "liberally construed" to secure the "just, speedy and inexpensive determination" of cases and permit the [c]ourt to "disregard any effort or defect of procedure which does not affect the substantial rights of the parties."

Appellant's Brief, at 28.

Before addressing the merits of the appeal, we must determine whether Francisco has properly preserved her issues on appeal. Pursuant to Pa.R.A.P. 1925, a trial judge's order directing the filing and service of a Rule 1925(b) statement upon an appellant states, in part, "that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived." Pa.R.A.P. 1925(b)(3)(iv). Moreover, under Rule 1925(b)(4)(vii), "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

Instantly, Francisco's Rule 1925(b) statement identifies the following three issues for appeal:

1. This Honorable Court erred and abused its discretion in granting Defendants' Motion for Summary Judgment **on the grounds that Plaintiff's reply to Defendants' New Matter was not timely filed.**

2. This Honorable Court erred and abused its discretion in granting Defendants' Motion for Summary Judgment, where Plaintiff, in her responses to Defendants' Motion for Summary

- 3 -

Judgment, demonstrated that there were genuine issues of material fact that would require submission of this case to the jury, **despite her untimely reply to Defendants' New Matter.**

3. This Honorable Court erred and abused its discretion in granting Defendants' Motion for Summary Judgment **on the grounds that Plaintiff's reply to Defendants' New Matter was untimely**, where Pennsylvania Rule of Civil Procedure 126 mandates that these rules shall be "liberally construed" to secure the "just, speedy and inexpensive determination" of cases, and permit the Court to "disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Francisco Rule 1925(b) Statement, 5/12/19, at 1-2 (emphasis added). In her appellate brief, Francisco confines her argument to whether the court erred in granting summary judgment on the basis of her untimely response to Appellees' request for admissions under Rule 4014. Because Francisco did not raise this issue in her Rule 1925(b) statement, we find that she has waived her first two issues on appeal. *See* Pa.R.A.P. 1925(b)(3)(iv); (4)(vii).[2]

To the extent that Francisco has preserved her argument invoking Pa.R.C.P. 126 and the liberal construction of the rules, we do not find it

_____

[2] Even if we did not find waiver, we would conclude that the trial court properly granted summary judgment in favor of Appellees. Francisco's deemed admissions under Rule 4014 prevent her from establishing a *prima facie* case of negligence. As the trial court aptly points out, since Appellees' insurance carrier admitted liability, Francisco need only prove damages. Based on her admissions, there is no genuine issue of material fact regarding economic damages from the alleged accident where she admits she did not have any medical expenses, has not incurred any treatment, injections or invasive procedures, and does not have future medical expenses. Trial Court Opinion, 6/24/19, at 11. Further, there is no dispute that Francisco did not have a serious injury (thus, precluding her from non-economic damages) or that she has any past or future lost earnings (having admitted that she did not miss any days of work and, in fact, received a promotion and raises). *Id.*

persuasive. Francisco's procedural missteps in the current case cannot be saved by the rule. **See Jones v. Trexler**, 419 A.2d 24 (Pa. Super. 1980) (where counsel's delay and inaction amounted to failure to prosecute, court could not overlook procedural errors in interest of justice under Rule 126).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/25/2020